1  COOLEY GODWARD KRONISH LLP
   GREGORY C. TENHOFF (154553)
2  LISA BARNETT SWEEN (191155)
   ELIZA HOARD (238276)
3  Five Palo Alto Square
   3000 El Camino Real
4  Palo Alto, CA  94306-2155
   Telephone:    (650) 843-5000
5  Facsimile:    (650) 849-7400

6  Attorneys for Defendants
   VAXGEN, INC. and LISA BROOKS
7

**ORIGINAL FILED**

JUN 1 4 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  ARIA RAZBAN,

12             Plaintiff,

13       v.

14  VAXGEN, INC., a Delaware corporation,
    LISA BROOKS, and DOES 1 through 50,
15  inclusive,

16             Defendants.

17

**C 07 3136 JL**

No.

San Mateo County Superior Court
Case No. CIV 460333

**NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. § 1441(B)**

Complaint Filed:        January 19, 2007
First Am. Complt. Filed:   May 15, 2007
First Am. Complt. Served:  June 1, 2007
Answer Filed/Served:      June 13, 2007

18

19       **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1441(b) and 1446, Defendant

20  VaxGen, Inc. and Defendant Lisa Brooks (collectively, "Defendants") hereby remove the above-

21  captioned action to the United States District Court for the Northern District of California.  In

22  support of this Notice of Removal, Defendants state as follows:

23       1.       On January 19, 2007, Aria Razban ("Plaintiff") filed a Complaint in the Superior

24  Court of California, County of San Mateo, entitled Razban v. VaxGen, Inc., et al., Case No. CIV

25  460333 (the "Original Complaint for Damages").  The Original Complaint for Damages was not

26  served.  On May 16, 2007, Plaintiff filed a First Amended Complaint against the same parties in

27  the same court.  On that same day, Plaintiff served Defendants' counsel with a copy of the First

28  Amended Complaint and an Acknowledgement of Receipt of Summons form (the

1  "Acknowledgement Form"). Defendants' counsel executed and returned the Acknowledgement

2  Form to Plaintiff's counsel on June 1, 2007, effecting service upon Defendants of the First

3  Amended Complaint as of June 1, 2007, pursuant to California Code of Civil Procedure

4  § 415.30(c). A copy of the First Amended Complaint and Acknowledgement Form are attached

5  as Exhibit A to this Notice of Removal. Because this Notice of Removal is filed within thirty

6  days of service upon Defendants of the First Amended Complaint, removal is timely pursuant to

7  28 U.S.C. § 1446 (b) and Rule 6(a) of the Federal Rules of Civil Procedure.

8        2.      In the First Amended Complaint, Plaintiff alleges a cause of action under the

9  federal Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* (the "FMLA"). Because this

10  claim arises under the laws of the United States, this action originally could have been brought in

11  this Court pursuant to 28 U.S.C. § 1331. As such, it is a case over which this Court has original

12  jurisdiction under 28 U.S.C. § 1331 without respect to the amount in controversy and without

13  regard to the citizenship or residence of the parties. Therefore, removal is appropriate under

14  28 U.S.C. §§ 1441(b) and 1446.

15        3.      Copies of all other pleadings, processes and orders filed in the State Court action

16  (and not previously referenced), are attached to this Notice of Removal as Exhibit B.

17        4.      Defendants, upon filing this Notice of Removal, are also filing a copy of the same

18  with the clerk of the Superior Court of California, County of San Mateo and providing written

19  notice thereof to Plaintiff to effect this removal in accordance with 28 U.S.C.§ 1446(d).

20        5.      In the event the Court should be inclined to remand this action, Defendants request

21  that the Court issue an order to show cause why the case should not be remanded, giving

22  Defendants (as well as Plaintiff) the opportunity to present proper briefing and argument prior to

23  any possible remand. Such a procedure is appropriate because pursuant to 28 U.S.C. §1447(d), a

24  remand order is not subject to appellate review.

25  //

26  //

27  //

28  //

**EXHIBIT  A**

1 | Ira Leshin, State Bar No. 139768
LAW OFFICES OF IRA LESHIN
2 | 220 Sansome Street, Sixth Floor
San Francisco, CA 94104
3 | Tel: (415) 398-3950
Fax: (415) 398-1567
4 |
Attorney for Plaintiff
5 | Aria Razban

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          IN AND FOR THE COUNTY OF SAN MATEO - Unlimited Jurisdiction

10

11 | ARIA RAZBAN, an individual,                  )    **CASE NO.: CIV 460333**
                                                 )
12 |            Plaintiff,                        )
                                                 )    **FIRST AMENDED COMPLAINT FOR**
13 |     vs.                                      )    **DAMAGES**
                                                 )
14 |                                              )    ──────────────
   | VAXGEN, INC. a Delaware Corporation.         )
15 | LISA BROOKS, and DOES 1 through 50,          )    1. Violation of Fair Employment and
   | inclusive.                                   )       Housing Act Gov't Code § 12940
16 |                                              )       (FEHA) - Discrimination
                                                 )    2. Violation of FEHA - Retaliation
17 |            Defendants.                       )    3. Violation of FEHA - Harassment
                                                 )    4. Retaliation in Violation of Labor
18 |                                              )       Code
                                                 )       § 98.6 and § 1102.5
19 |                                              )    5. Violation of FMLA & CFRA
                                                 )    6. Wrongful Termination in Violation of
20 |                                              )       Public Policy
                                                 )    7. Intentional Infliction of ED
21 |                                              )    8. Negligent Infliction of ED
                                                 )
22 |                                                   ──────────────

23

24          Plaintiff, ARIA RAZBAN, alleges as follows:

25              **PARTIES AND BACKGROUND FACTS**

26          1.  At all relevant times mentioned herein, Plaintiff ARIA RAZBAN (hereinafter
   | "Plaintiff") was and is an individual who resides in the County of San Francisco.
27

28

FIRST AMENDED COMPLAINT FOR DAMAGES                                          1

                                        EXHIBIT " A "

2. Plaintiff is informed and believes and thereon alleges that Defendant, VAXGEN, INC., is a Delaware corporation, actually doing business in the City and County of San Mateo, State of California (hereinafter "Defendant VAXGEN").

3. Plaintiff is informed and believes and thereon alleges that Defendant, Lisa Brooks, performs services for Defendant VAXGEN as a manager and in programming and was the supervising manager to whom Plaintiff reported. At all times mentioned herein, Defendant BROOKS, was acting within the course and scope of her employment as an agent of Defendant VAXGEN.

4. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 to 50, inclusive, and therefore sues these Defendants by fictitious names. Plaintiff is informed and believes and on that basis alleges that each of these fictitiously named Defendants is responsible in some way for the occurrences alleged in this Complaint and that Plaintiff's damages as alleged in this Complaint were proximately caused by those Defendants. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is legally responsible in some manner for the events and occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately and directly caused by their conduct.

5. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, each Defendant was the partner, joint venturer, alter ego, general agent, servant or employee of the other Defendants and each of them, and in committing the acts or omissions herein mentioned was acting within the course and scope of said agency, servitude, joint venture, joint enterprise, partnership and employment. At all times mentioned herein, each Defendant was charged with and bound by the knowledge and information received by and on behalf of each of the other Defendants. All the acts of the Defendants, and each of them, were ratified and adopted by the acts of the other Defendants and each of them.

FIRST AMENDED COMPLAINT FOR DAMAGES                                      2

6.  The relief sought in this complaint is within the jurisdiction of the Superior Court because Plaintiff is seeking damages in excess of $25,000.

7.  Starting on April 12, 2004 and at all relevant times mentioned herein, Plaintiff was employed by Defendant VAXGEN as a Programmer Analyst II working at the VaxGen offices located at 1000 Marina Blvd., Brisbane, California.

8.  In August of 2004, Plaintiff's mother died following a long and hard battle with cancer.  Soon thereafter, Plaintiff started to suffer from post traumatic stress disorder (hereinafter referred to as PTSD) as well as thyroid problems.  Plaintiff's manager, Defendant BROOKS, noticed Plaintiff's grief and advised her to start seeing a counselor.  In or about early September of 2004, Plaintiff saw a counselor, Dr. Brown, who was recommended by someone in the Employee Assistant program at Defendant VAXGEN.  Dr. Brown referred Plaintiff to a Dr. Young who examined Plaintiff and diagnosed her with an abnormal thyroid condition, PTSD and depression and he prescribed medications for these conditions.

9.  In or about September 2004 Plaintiff noticed that the analysis of the data that she was working on for Defendant VAXGEN was either inaccurate, incomplete, unverified and therefore untrustworthy.  Plaintiff also discovered that the software programs purchased by VAXGEN to be used by Defendant to genetically engineer the next generation of the anthrax vaccine had multiple flaws or "bugs" with the program. At that time, Defendant VAXGEN had previously entered into an $877 million dollar contract with the U.S. Federal Government, Department of Health and Human Services to produce the next generation of anthrax vaccines within a strict contractual deadline. Almost immediately upon her discovery of the problems with the data and the software program, Plaintiff notified Defendant BROOKS and Defendant VAXGEN of these issues.

10.  Beginning in October 2004, Defendants BROOKS and VAXGEN began to harass Plaintiff by not allowing her to take time off from work to see her doctors.  In order to see her doctors for treatment, Plaintiff had to schedule her appointments after

FIRST AMENDED COMPLAINT FOR DAMAGES                                               3

1   6:00 p.m. which was not always available to Plaintiff.   Furthermore, Defendant

2   BROOKS maliciously and intentionally started to shout at Plaintiff while at work for

3   trivial and/or non-existent matters, and gave Plaintiff unreasonable deadlines and

4   assignments with the intention of causing Plaintiff to fail at her job.  Defendant

5   BROOKS also intentionally provided erroneous information to Plaintiff regarding

6   projects in an effort to sabotage Plaintiff's work at the company and to make her look

7   bad in front of the other employees and management.  Defendant BROOKS verbally

8   abused Plaintiff, harassed her and treated Plaintiff differently than the other

9   programmer employees at VaxGen in retaliation for Plaintiff's complaints and

10  discoveries about the flaws and problems with the analysis data and software being

11  used by Defendant VAXGEN.

12       11.  In spite of all the harassment and inappropriate conduct by Defendants,

13  Plaintiff continued to do her job and did it well.  Plaintiff received high marks on

14  performance evaluations and received a salary increase on January 1, 2005.

15       12.  On or about January 14, 2005, at a meeting with the CEO of Defendant

16  VAXGEN, Lance Gordon, along with 10 other VAXGEN employees, Plaintiff again

17  notified Defendants that there were serious problems with the analysis data that she

18  was working with and further advised everyone at the meeting that VaxGen would not

19  pass the FDA's audits due to the fact that the analysis data was not properly or ethically

20  handled, verified or tested.

21       13.  On or about January 15, 2005, Plaintiff filed a complaint with the Human

22  Resources Department at VaxGen based upon the hostile work environment created by

23  Defendant BROOKS.  In the complaint, Plaintiff complained that she was not allowed

24  by Lisa Brooks to take time off work to see a doctor.  Furthermore, Plaintiff stated in her

25  complaints to HR that there were problems with data and the software that was used to

26  analyze the data pertaining to the Anthrax vaccine clinical trials.  The HR advised

27

28

FIRST AMENDED COMPLAINT FOR DAMAGES                                    4

1  Plaintiff that she had valid complaints against BROOKS and that HR would talk to Ms.

2  Brooks about changing her treatment of Plaintiff at work.

3        14.  On January 20, 2005, the retaliation and harassment of Plaintiff became

4  more severe, worsening Plaintiff's depression and PTSD disorder.  Plaintiff was not

5  allowed to go to the doctor during work hours.  Defendants BROOKS and VAXGEN

6  retaliated against Plaintiff due to her disability and because of Plaintiff's continued

7  complaints about the work they were doing at VaxGen regarding the data and software

8  issues.  Starting in January 2005, after the meeting with the CEO of VaxGen described

9  herein above, Defendant BROOKS refused Plaintiff's requests to allow her to work from

10  home, while other employees were allowed to work at home.  Defendant BROOKS also

11  repeatedly invaded Plaintiff's privacy by inappropriately asking Plaintiff many personal

12  questions about what doctors she was seeing and what medications she was taking.

13  Defendants' conduct as described herein was in violation of Americans with Disability

14  Act (hereinafter ADA) rules requiring Defendant to provide Plaintiff with reasonable

15  accommodation for an individual with a disability.  Plaintiff met the ADA's definition of

16  disability, since her doctors, including a doctor assigned to her from VaxGen, diagnosed

17  her with PTSD, depression and an abnormal thyroid condition.  Plaintiff had a physical

18  and/or mental impairment that substantially limited one or more of her major life

19  activities.  Plaintiff also had a record of these impairments and she was regarded as

20  having said impairments by others.  Defendant VaxGen further violated the ADA

21  regulations prohibiting retaliation against an individual with a disability by illegal work

22  conditions.  None of the stated work conditions were imposed on other employees

23  except Plaintiff; therefore, making Plaintiff a victim of retaliation and discrimination.

24        15.  Because of Defendants unreasonable deadlines and work schedule,

25  harassment and retaliation described herein, Plaintiff's medical condition became worse

26  causing among other things, rapid weight gain, crying at work, and severe emotional

27  distress for Plaintiff.  Instead of providing a safe environment for Plaintiff to work in,

28

FIRST AMENDED COMPLAINT FOR DAMAGES          5

1    Defendants VAXGEN and BROOKS, maliciously increased the pressure on her in order

2    to make Plaintiff breakdown and either quit her job or go on medical leave.

3        16.    On February 1, 2005, Plaintiff again notified appropriate individuals at

4    Defendant VAXGEN that they were not following FDA's regulations regarding analyzing

5    the critical data associated with the anthrax vaccines. Plaintiff also contacted

6    authorities outside VaxGen to report what was happening with the anthrax vaccines

7    which had gained public attention in the news at that time.

8        17.    On February 7, 2005, Defendant BROOKS placed Plaintiff on probation

9    for no apparent reason and without justification. Plaintiff is ordered by BROOKS to

10   finish 7 programs in a month (an unreasonable task which no other programmer at

11   VAXGEN had to accomplish) in order for Plaintiff to be taken off her probation.

12       18.    On February 7, 2005, Plaintiff asked Defendant VAXGEN's management,

13   Mike Lock, if she could report to another manager instead of Lisa Brooks, because the

14   harassment caused by Defendant BROOKS was causing Plaintiff's medical condition to

15   become worse. Plaintiff's request was denied without reason, consideration or

16   explanation.

17       19.    In just 5 days, on February 12, 2005, Plaintiff had finished 6 of the 7

18   programs that she was ordered to complete by BROOKS. Plaintiff then asked

19   BROOKS if she would lift the probation against her but BROOKS stubbornly and

20   maliciously refused.

21       20.    On February 14, 2005, due to the enormous pressures imposed on

22   Plaintiff by Defendants VAXGEN and BROOKS and at the advice of her doctor, Plaintiff

23   had to stop working due to her increasing disabilities and she was placed on medical

24   leave.

25       21.    On March 11, 2005, Defendant VAXGEN sent Plaintiff a letter stating

26   among other things that Defendant VAXGEN **"may"** terminate Plaintiff if she did not

27   return to work by April 11, 2005.

28

FIRST AMENDED COMPLAINT FOR DAMAGES                                      6

22.    On April 8, 2005, Plaintiff advised Defendant that she would return to work shortly after April 11, 2005, as soon as her doctors first reviewed some medical tests and cleared her for work.  Plaintiff heard nothing from Defendants in response to her April 8th communication.

23.    On April 12, 2005, Plaintiff had been employed for Defendant VAXGEN for 1 year and therefore she became eligible for certain benefits that accrued and/or vested in Plaintiff, including but not limited to stock option benefits.  Plaintiff was also entitled to the protections under VaxGen's Family and Medical Leave of Absence, the federal Family and Medical Leave Act (hereinafter FMLA), and the California Family Rights Act (hereinafter CFRA).  Plaintiff qualified for the leave under these Acts because she was employed for Defendant VAXGEN for at least 12 months and/or she worked at least 1,250 hours in a 12-month period.

24.    On April 13, 2005, Defendant VAXGEN sent Plaintiff an email indicating that her employment was terminated.

25.    On April 13, 2005, Plaintiff immediately emailed VaxGen back explaining that she will come back to work in a couple of days after the results of her medical tests are reviewed by her doctor.  Plaintiff requested a reasonable accommodation from Defendant for a couple of more days of medical leave.  On April 15, 2005, Defendant advised Plaintiff of their refusal to make any accommodation for Plaintiff and VaxGen proceeded to terminate her employment.  No undue hardship was created on Defendants by Plaintiff's request for a few more days of medical leave before returning back to work.  Defendants' refusal of Plaintiff's simple request for a few days more of medical leave was unreasonable and in violation of the ADA, FMLA and the CFRA.

26.  As a result of Defendants' actions as alleged above, Plaintiff was wrongfully terminated from her employment with Defendant VAXGEN on or after April 13, 2005. Plaintiff suffered extreme emotional distress, shock, humiliation, anxiety, nervousness, and depression as a result of Defendants outrageous, malicious and intentional conduct

1  which constitutes serious violations of ADA, FMLA, CFRA, the Fair Employment and

2  Housing Act (hereinafter referred to as FEHA) and public policy.  Plaintiff's health was

3  impaired to the point where she was partially disabled physically and mentally as a

4  result of Defendants' actions.  In spite of Plaintiff's repeated requests, Defendants

5  refused to provide any reasonable work accommodations for Plaintiff's disabilities, but

6  instead made her working conditions so onerous as to force her to take leave of her job.

7       27.  Plaintiff's damages include: unpaid compensation in the amount in excess of

8  $150,000.00, plus prejudgment interest.  Economic losses due to Plaintiff's retaliation,

9  wrongful termination and constructive discharge, including front pay and back pay.

10  Mental and emotional distress which has interfered with Plaintiff's ability to lead a

11  normal life.  The monetary value of these damages is believed to be well in excess of

12  $500,000.00.  Plaintiff is entitled to recover attorney's fees and costs of litigation.  In

13  addition, the egregious facts and circumstances of this case entitle Plaintiff to punitive

14  damages.

15                              **FIRST CAUSE OF ACTION**

16  **(Violation of Fair Employment and Housing Act, Govt. Code § 12940 et seq.)**
    **(Discrimination -- Against Defendant VAXGEN)**

17       28.  Plaintiff hereby realleges and incorporates by reference Paragraphs 1

18  through 27, inclusive, of the Complaint, as though set forth in full herein.

19       29.  This action is brought pursuant to the California Fair Employment and

20  Housing Act, Government Code section 12900 et seq. and the corresponding

21  regulations of the California Fair Employment and Housing Act.

22       30.  At all relevant times, Defendant VAXGEN regularly employed five or more

23  persons, bringing Defendant within the provisions of section 12900 et seq. of the

24  Government Code, prohibiting employers or their agents from discriminating against,

25  retaliating against, harassing and failing to provide reasonable accommodations to

26  employees on the basis of physical or mental disability, or to retaliate against

27  employees for complaining about public policy violations.

28

FIRST AMENDED COMPLAINT FOR DAMAGES                                        8

31. On or about January 19, 2006, Plaintiff filed charges of discrimination, harassment and retaliation against Defendants VAXGEN and BROOKS with the California Department of Fair Employment and Housing (hereinafter "DFEH"). The DFEH issued a Right-To-Sue Notice on January 20, 2006.

32. Defendants' discriminatory practices, retaliation, harassment, wrongful termination and failure to provide reasonable accommodations, as well as failure to provide family and medical leave, detailed above, constitute actionable violations of the California Fair Employment and Housing Act, Government Code sections 12900 et seq.

33. Defendants discriminated against, retaliated against and harassed Plaintiff because of her physical and mental disabilities, and her complaints about the faulty data and software being used by Defendant VAXGEN in the making of the next generation of the anthrax vaccine intended to be used for the common good of the general public. Plaintiff has suffered the effects of verbal harassment, professional injury to her reputation and career and loss of recognition.

34. As a consequence of Defendants actions, Plaintiff has suffered damages in an amount to be determined according to proof, and as described in Paragraph 27, above.

## SECOND CAUSE OF ACTION
### (Violation of Fair Employment and Housing Act, Govt. Code § 12940 et seq.) (Retaliation -- Against All Defendants)

35. Plaintiff hereby realleges and incorporates by reference Paragraphs 1 through 27, inclusive, of the Complaint, as though set forth in full herein.

36. This action is brought pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. and the corresponding regulations of the California Fair Employment and Housing Act.

37. At all relevant times, Defendant VAXGEN regularly employed five or more persons, bringing Defendant within the provisions of section 12900 et seq. of the Government Code, prohibiting employers or their agents from discriminating against,

FIRST AMENDED COMPLAINT FOR DAMAGES                                    9

1    retaliating against, harassing and failing to provide reasonable accommodations to

2    employees on the basis of physical or mental disability, or to retaliate against

3    employees for complaining about public policy violations.

4    　　38.　On or about January 19, 2006, Plaintiff filed charges of discrimination,

5    harassment and retaliation against Defendants VAXGEN and BROOKS with the DFEH.

6    The DFEH issued a Right-To-Sue Notice on January 20, 2006.

7    　　39.　Defendants' discriminatory practices, retaliation, harassment, wrongful

8    termination and failure to provide reasonable accommodations, as well as failure to

9    provide family and medical leave, detailed above, constitute actionable violations of the

10   California Fair Employment and Housing Act, Government Code sections 12900 et seq.

11   　　40.　Defendants discriminated against, retaliated against and harassed Plaintiff

12   because of her physical and mental disabilities, and her complaints about the faulty

13   data and software being used by Defendant VAXGEN in the making of the next

14   generation of the anthrax vaccine intended to be used for the common good of the

15   general public.　Plaintiff has suffered the effects of verbal harassment, professional

16   injury to her reputation and career and loss of recognition.

17   　　41.　As a consequence of Defendants actions, Plaintiff has suffered damages in

18   an amount to be determined according to proof, and as described in Paragraph 27,

19   above.

20   **THIRD CAUSE OF ACTION**
**(Violation of Fair Employment and Housing Act, Govt. Code § 12940 et seq.)**
21   **(Harassment -- Against All Defendants)**

22   　　42.　Plaintiff hereby realleges and incorporates by reference Paragraphs 1

23   through 27, inclusive, of the Complaint, as though set forth in full herein.

24   　　43.　This action is brought pursuant to the California Fair Employment and

25   Housing Act, Government Code section 12900 et seq. and the corresponding

26   regulations of the California Fair Employment and Housing Act.

27

28

FIRST AMENDED COMPLAINT FOR DAMAGES                                    10

1    44.  At all relevant times, Defendant VAXGEN regularly employed five or more

2    persons, bringing Defendant within the provisions of section 12900 et seq. of the

3    Government Code, prohibiting employers or their agents from discriminating against,

4    retaliating against, harassing and failing to provide reasonable accommodations to

5    employees on the basis of physical or mental disability, or to retaliate against

6    employees for complaining about public policy violations.

7    45.  On or about January 19, 2006, Plaintiff filed charges of discrimination,

8    harassment and retaliation against Defendants VAXGEN and BROOKS with the DFEH.

9    The DFEH issued a Right-To-Sue Notice on January 20, 2006.

10    46.  Defendants' discriminatory practices, retaliation, harassment, wrongful

11    termination and failure to provide reasonable accommodations, as well as failure to

12    provide family and medical leave, detailed above, constitute actionable violations of the

13    California Fair Employment and Housing Act, Government Code sections 12900 et seq.

14    47.  Defendants discriminated against, retaliated against and harassed Plaintiff

15    because of her physical and mental disabilities, and her complaints about the faulty

16    data and software being used by Defendant VAXGEN in the making of the next

17    generation of the anthrax vaccine intended to be used for the common good of the

18    general public.  Plaintiff has suffered the effects of verbal harassment, professional

19    injury to her reputation and career and loss of recognition.

20    48.  As a consequence of Defendants actions, Plaintiff has suffered damages in

21    an amount to be determined according to proof, and as described in Paragraph 27,

22    above.

23    **FOURTH CAUSE OF ACTION**
       **(Violations of the Federal Family and Medical Leave Act and the**
24    **California Family Rights Act)**
       **(Against Defendant VAXGEN)**
25
       49.  Plaintiff hereby realleges and incorporates by reference Paragraphs 1
26
       through 27, inclusive, of the Complaint, as though set forth in full herein.
27

28

FIRST AMENDED COMPLAINT FOR DAMAGES                                    11

1    50.  As a matter of public policy, employers should not subject employees to

2    retaliation for reporting errors in their work that could affect the general welfare and

3    safety of the people of the United States.  Defendants' actions as alleged above

4    rendered the working environment so intolerable as to cause Plaintiff to go on medical

5    leave and thereafter Defendant wrongfully terminated Plaintiff in retaliation for her

6    complaints about the way that Defendant VAXGEN was making new anthrax vaccines

7    to be used for the benefit of the general public.  Defendant also retaliated and

8    discriminated against Plaintiff by refusing to make a reasonable accommodation for

9    Plaintiff who requested a few more days of medical leave before returning back to work.

10    51.  As a consequence of Defendants' actions, Plaintiff has suffered damages in

11    an amount to be determined according to proof, and as described in Paragraph 27,

12    above.

13
**FIFTH CAUSE OF ACTION**
**(Violation of California Labor Code §§ 98.6 and 1102.5)**
14
**(California Whistleblower Protection Act)**
**(Against Defendant VAXGEN)**
15

16    52.  Plaintiff hereby realleges and incorporates by reference Paragraphs 1

17    through 27, inclusive, of the Complaint, as though set forth in full herein.

18    53.  Plaintiff had a statutory right pursuant to California Labor Code sections

19    1102.5(a-d) to be free from authorities and agents of the Defendant VAXGEN, including

20    but not limited to Lisa Brooks, using their official authority and influence for the purpose

21    of intimidating or threatening Plaintiff for disclosing or complaining about information

22    protected by California Labor Code section 1102.5 including complaints about

23    unreliable and faulty data and defective software programs where the Plaintiff had

24    reasonable cause to believe that the information about these problems with the

25    VAXGEN work on the anthrax vaccine would disclose a violation of state or federal

26    statute, or a violation or noncompliance with a state or federal rule or regulation.

27    Defendants conduct as alleged herein above violated Labor Code Section 1102.5(a-d)

28    because they retaliated against Plaintiff for refusing to participate in an activity that

FIRST AMENDED COMPLAINT FOR DAMAGES                                    12

1  would result in a violation of state or federal statute, or a violation or noncompliance
2  with a state or federal rule or regulation.

3      54. As a proximate result, Defendants are liable for the civil damages incurred
4  by Plaintiff including but not limited to emotional distress damages for the severe and
5  continuing emotional distress she has suffered as a result, and other damages as set
6  forth in Paragraph 27 above.

7                          **SIXTH CAUSE OF ACTION**
8          **(Wrongful Termination in Violation of Public Policy)**
                   **(Against Defendant VAXGEN)**

9      55. Plaintiff hereby realleges and incorporates by reference Paragraphs 1
10 through 54, inclusive, of the Complaint, as though set forth in full herein.

11     56. As a matter of public policy, employers should not subject employees to
12 retaliation for reporting errors in their work that could affect the general welfare and
13 safety of the people of the United States. Defendants' actions as alleged above
14 rendered the working environment so intolerable as to cause Plaintiff to go on medical
15 leave and thereafter Defendant wrongfully terminated Plaintiff in retaliation of her
16 complaints about the way that Defendant VAXGEN was making new anthrax vaccines
17 to be used for the benefit of the general public. Defendant also retaliated and
18 discriminated against Plaintiff by refusing to make a reasonable accommodation for
19 Plaintiff who requested a few more days of medical leave before returning back to work
20 which violated the California Family Rights Act, Government Code section 12495.2, et
21 seq., including but not limited to discrimination, retaliation and harassment based upon
22 denial of family care and medical leave and violation of the California Fair Employment
23 and Housing Act, Government Code section 12490 et seq. for discrimination, retaliation
24 and harassment based upon physical and mental disabilities and based upon exercise
25 of family care and medical leave. Defendants' actions as alleged above rendered the
26 working environment intolerable and resulted in the termination of Plaintiff's position
27 from Defendant VAXGEN.
28

FIRST AMENDED COMPLAINT FOR DAMAGES                                    13

1    57.  As a consequence of Defendants' actions, Plaintiff has suffered damages in

2    an amount to be determined according to proof, and as described in Paragraph 27,

3    above.

4                              **SEVENTH CAUSE OF ACTION**
                          **(Intentional Infliction of Emotional Distress)**
5                             **(Against All Defendants)**

6    58.  Plaintiff hereby realleges and incorporates by reference Paragraphs 1

7    through 27, inclusive, of the Complaint, as though set forth in full herein.

8    59.  Defendants' conduct was so outrageous, malicious and oppressive, and was

9    performed intentionally and with reckless disregard towards Plaintiff, and it caused

10   severe emotional distress to Plaintiff.  Defendant's conduct towards Plaintiff employee

11   constituted a breach of duty to Plaintiff to provide a work environment free of

12   harassment, retaliation and discrimination.

13                              **EIGHTH CAUSE OF ACTION**
                          **(Negligent Infliction of Emotional Distress)**
14                            **(Against All Defendants)**

15   60.  Plaintiff hereby realleges and incorporates by reference Paragraphs 1

16   through 27, inclusive, of the Complaint, as though set forth in full herein.

17   61.  In the alternative to the Fifth Cause of Action, Defendants' conduct was

18   negligent in causing severe emotional distress to Plaintiff.  Defendant's conduct towards

19   Plaintiff employee constituted a breach of duty to Plaintiff to provide a work environment

20   free of harassment, retaliation and discrimination.  As a direct and legal result of said

21   negligent conduct by Defendant, Plaintiff sustained severe emotional distress, anxiety,

22   shock and humiliation in addition to the other damages set forth herein above.

23

24

25   **WHEREFORE**, Plaintiff demands a trial by jury and prays for judgment against

26   Defendants, and each of them as follows:

27   1.      For all compensatory and consequential damages against Defendant of at

28   least $650,000.00 and in an amount to be determined according to proof at trial;

FIRST AMENDED COMPLAINT FOR DAMAGES                                    14

1        2.      For all damages proximately caused by the acts and omissions of

2    Defendant;

3        3.      For prejudgment interest on all amounts claimed;

4        4.      For all attorneys fees;

5        5.      For punitive damages to set an example and teach Defendant a lesson for

6    engaging in said malicious and intentional conduct, and

7        6.      For the costs of suit herein.

8        7.      For such other and further relief as this Court may deem just and proper.

9

10    Dated: May _16_, 2007          LAW OFFICES OF IRA LESHIN

11

12

13                           By: _____

14                           Ira Leshin
                            Attorneys for Plaintiff,
                            Aria Razban

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT FOR DAMAGES               15

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ira Leshin, SB# 139768<br>Law Office of Ira Leshin<br>220 Sansome Street, 6th Floor<br>San Francisco, CA 94104<br>TELEPHONE NO.: **(415) 398-3950**    FAX NO.*(Optional):* **(415) 398-1567**<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* **Plaintiff Aria Razban** | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF    **San Mateo**
STREET ADDRESS: **400 County Center**
MAILING ADDRESS:
CITY AND ZIP CODE: **Redwood City, CA 94063**
BRANCH NAME:

PLAINTIFF/PETITIONER: **Aria Razban**

DEFENDANT/RESPONDENT:**Vaxgen, Inc.**
**Lisa Brooks**

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL | CASE NUMBER:<br>**CIV 460333** |
|---|---|

TO *(insert name of party being served)*: **Vaxgen, Inc. and Lisa Brooks**

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: **May 16, 2007**

**Ira Leshin**
_____        ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF SENDER-MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. ☐ A copy of the summons and of the complaint.
2. ☒ Other *(specify)*:
   **Summons and Frist Amended Complaint**

**(To be completed by recipient):**    June 1, 2007

Date this form is signed:

Eliza Hoard,  VaxGen, Inc. and Lisa Brooks       Eliza Hoard    Attorney for VaxGen, Inc. and
_____                _____  Lisa
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,    (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF  Brooks
ON WHOSE BEHALF THIS FORM IS SIGNED)                ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]
Martin Dean's Essential Forms ™

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

**Razban v. Vaxgen, Inc.**

**EXHIBIT  B**

01/19/2007  09:44  4158842252          LAW OFFICES OF IRA L          PAGE  04/18

SUM-100

**SUMMONS**
*(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO)*:
**VAXGEN, INC., a Delaware Corporation, Lisa Brooks,
and DOES 1 through 50, inclusive.**

**ENDORSED FILED**
SAN MATEO COUNTY

JAN 1 9 2007

Clerk of the Superior Court
By_____ E. Boffi
DEPUTY CLERK

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE)* :
**ARIA RAZBAN**

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

CASE NUMBER:
*(Número del Caso):*
CIV 460333

The name and address of the court is:
*(El nombre y dirección de la corte es):*
**Superior Court of California, County of San Mateo**
**400 County Center**
**Redwood City, CA 94063**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

DATE: **JAN 1 9 2007**    **JOHN C. FITTON**   Clerk, by _____ **E. BOFFI** , Deputy
*(Fecha)*                                      *(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)* :

3. ☐ on behalf of *(specify)* :
   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)* :
4. ☐ by personal delivery on *(date)* :

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
Martin Dean's Essential Forms ™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

11026563.tif - 1/19/2007 8:46:56 AM

EXHIBIT " *B* "

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| **Ira Leshin, SB# 139768**<br>**Law Office of Ira Leshin**<br>**220 Sansome Street, 6th Floor**<br>**San Francisco, CA 94104**<br>TELEPHONE NO.: **(415) 398-3950**    FAX NO.*(Optional)*: **(415) 398-1567**<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: **Plaintiff Aria Razban** | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF    **San Mateo**
STREET ADDRESS: **400 County Center**
MAILING ADDRESS:
CITY AND ZIP CODE: **Redwood City, CA 94063**
BRANCH NAME:

PLAINTIFF/PETITIONER: **Aria Razban**

DEFENDANT/RESPONDENT: **Vaxgen, Inc.**
**Lisa Brooks**

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL | CASE NUMBER:<br>**CIV 460333** |
|---|---|

TO *(insert name of party being served)*:    **Vaxgen, Inc. and Lisa Brooks**

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: **May 16, 2007**

**Ira Leshin**
_____    ▶    _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF SENDER-MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. ☐ A copy of the summons and of the complaint.
2. ☒ Other *(specify)*:
   **Summons and Frist Amended Complaint**

*(To be completed by recipient)*:

Date this form is signed:

_____    ▶    _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                   ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005]<br>*Martin Dean's Essential Forms* ™ | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

**Razban v. Vaxgen, Inc.**

1 | Ira Leshin, State Bar No. 139768
LAW OFFICES OF IRA LESHIN
2 | 220 Sansome Street, Sixth Floor
San Francisco, CA 94104
3 | Tel: (415) 398-3950
Fax: (415) 398-1567
4 |
Attorney for Plaintiff
5 | Aria Razban

6

7

**ENDORSED FILED**
SAN MATEO COUNTY

JAN 1 9 2007

Clerk of the Superior Court
By___ E. Botti
DEPUTY CLERK

**BY FAX**

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | IN AND FOR THE COUNTY OF SAN MATEO - Unlimited Jurisdiction

10

11 | ARIA RAZBAN, an individual,

12 |        Plaintiff,

13 |        vs.

14

15 | VAXGEN, INC. a Delaware Corporation.
LISA BROOKS, and DOES 1 through 50,
16 | inclusive.

17 |        Defendants.

CASE NO.: CIV 460333

**COMPLAINT FOR DAMAGES**

1. Violation of Fair Employment and
   Housing Act Gov't Code § 12940
2. Retaliation in violation of Labor Code
   § 98.6 and § 1102.5
3. Violation of the ADA
4. Violation of FMLA & CFRA
5. Violation of Civ. Code § 1798 et
   seq.
6. Intentional Infliction of ED
7. Negligent Infliction of ED

18

19

20

21

22 | Plaintiff, ARIA RAZBAN, alleges as follows:

23 |       **PARTIES AND BACKGROUND FACTS**

24 |    1. At all relevant times mentioned herein, Plaintiff ARIA RAZBAN (hereinafter

25 | "Plaintiff") was and is an individual who resides in the County of San Francisco.

26 |    2. Plaintiff is informed and believes and thereon alleges that Defendant,

27 | VAXGEN, INC., is a Delaware corporation, actually doing business in the City and

28 | County of San Mateo, State of California (hereinafter "Defendant VAXGEN").

COMPLAINT FOR DAMAGES       11026553.tif - 1/19/2007 8:46:56 AM     1

3. Plaintiff is informed and believes and thereon alleges that Defendant, Lisa Brooks, performs services for Defendant VAXGEN as a manager and in programming and was the supervising manager to whom Plaintiff reported. At all times mentioned herein, Defendant BROOKS, was acting within the course and scope of her employment as an agent of Defendant VAXGEN.

4. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 to 50, inclusive, and therefore sues these Defendants by fictitious names. Plaintiff is informed and believes and on that basis alleges that each of these fictitiously named Defendants is responsible in some way for the occurrences alleged in this Complaint and that Plaintiff's damages as alleged in this Complaint were proximately caused by those Defendants. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is legally responsible in some manner for the events and occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately and directly caused by their conduct.

5. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, each Defendant was the partner, joint venturer, alter ego, general agent, servant or employee of the other Defendants and each of them, and in committing the acts or omissions herein mentioned was acting within the course and scope of said agency, servitude, joint venture, joint enterprise, partnership and employment. At all times mentioned herein, each Defendant was charged with and bound by the knowledge and information received by and on behalf of each of the other Defendants. All the acts of the Defendants, and each of them, were ratified and adopted by the acts of the other Defendants and each of them.

6. The relief sought in this complaint is within the jurisdiction of the Superior Court because Plaintiff is seeking damages in excess of $25,000.

COMPLAINT FOR DAMAGES

2

7. Starting on April 12, 2004 and at all relevant times mentioned herein, Plaintiff was employed by Defendant VAXGEN as a Programmer Analyst II working at the VaxGen offices located at 1000 Marina Blvd., Brisbane, California.

8. In August of 2004, Plaintiff's mother died following a long and hard battle with cancer. Soon thereafter, Plaintiff started to suffer from post traumatic stress disorder (hereinafter referred to as PTSD) as well as thyroid problems. Plaintiff's manager, Defendant BROOKS, noticed Plaintiff's grief and advised her to start seeing a counselor. In or about early September of 2004, Plaintiff saw a counselor, Dr. Brown, who was recommended by someone in the Employee Assistant program at Defendant VAXGEN. Dr. Brown referred Plaintiff to a Dr. Young who examined Plaintiff and diagnosed her with an abnormal thyroid condition, PTSD and depression and he prescribed medications for these conditions.

9. In or about September 2004 Plaintiff noticed that the analysis of the data that she was working on for Defendant VAXGEN was either inaccurate, incomplete, unverified and therefore untrustworthy. Plaintiff also discovered that the software programs purchased by VAXGEN to be used by Defendant to genetically engineer the next generation of the anthrax vaccine had multiple flaws or "bugs" with the program. At that time, Defendant VAXGEN had previously entered into an $877 million dollar contract with the U.S. Federal Government, Department of Health and Human Services to produce the next generation of anthrax vaccines within a strict contractual deadline. Almost immediately upon her discovery of the problems with the data and the software program, Plaintiff notified Defendant BROOKS and Defendant VAXGEN of these issues.

10. Beginning in October 2004, Defendants BROOKS and VAXGEN began to harass Plaintiff by not allowing her to take time off from work to see her doctors. In order to see her doctors for treatment, Plaintiff had to schedule her appointments after 6:00 p.m. which was not always available to Plaintiff. Furthermore, Defendant

TRA LEONTA LAW OFFICE  Fax:415-056-1567    Feb  7 2007  16:35    P.05

1    BROOKS maliciously and intentionally started to shout at Plaintiff while at work for

2    trivial and/or non-existent matters, and gave Plaintiff unreasonable deadlines and

3    assignments with the intention of causing Plaintiff to fail at her job.  Defendant

4    BROOKS also intentionally provided erroneous information to Plaintiff regarding

5    projects in an effort to sabotage Plaintiff's work at the company and to make her look

6    bad in front of the other employees and management.  Defendant BROOKS verbally

7    abused Plaintiff, harassed her and treated Plaintiff differently than the other

8    programmer employees at VaxGen in retaliation for Plaintiff's complaints and

9    discoveries about the flaws and problems with the analysis data and software being

10   used by Defendant VAXGEN.

11        11.  In spite of all the harassment and inappropriate conduct by Defendants,

12   Plaintiff continued to do her job and did it well.  Plaintiff received high marks on

13   performance evaluations and received a salary increase on January 1, 2005.

14        12.  On or about January 14, 2005, at a meeting with the CEO of Defendant

15   VAXGEN, Lance Gordon, along with 10 other VAXGEN employees, Plaintiff again

16   notified Defendants that there were serious problems with the analysis data that she

17   was working with and further advised everyone at the meeting that VaxGen would not

18   pass the FDA's audits due to the fact that the analysis data was not properly or ethically

19   handled, verified or tested.

20        13.  On or about January 15, 2005, Plaintiff filed a complaint with the Human

21   Resources Department at VaxGen based upon the hostile work environment created by

22   Defendant BROOKS.  In the complaint, Plaintiff complained that she was not allowed

23   by Lisa Brooks to take time off work to see a doctor.  Furthermore, Plaintiff stated in her

24   complaints to HR that there were problems with data and the software that was used to

25   analyze the data pertaining to the Anthrax vaccine clinical trials.  The HR advised

26   Plaintiff that she had valid complaints against BROOKS and that HR would talk to Ms.

27   Brooks about changing her treatment of Plaintiff at work.

28

COMPLAINT FOR DAMAGES                                                    4

14. On January 20, 2005, the retaliation and harassment of Plaintiff became more severe, worsening Plaintiff's depression and PTSD disorder. Plaintiff was not allowed to go to the doctor during work hours. Defendants BROOKS and VAXGEN retaliated against Plaintiff due to her disability and because of Plaintiff's continued complaints about the work they were doing at VaxGen regarding the data and software issues. Starting in January 2005, after the meeting with the CEO of VaxGen described herein above, Defendant BROOKS refused Plaintiff's requests to allow her to work from home, while other employees were allowed to work at home. Defendant BROOKS also repeatedly invaded Plaintiff's privacy by inappropriately asking Plaintiff many personal questions about what doctors she was seeing and what medications she was taking. Defendants' conduct as described herein was in violation of Americans with Disability Act (hereinafter ADA) rules requiring Defendant to provide Plaintiff with reasonable accommodation for an individual with a disability. Plaintiff met the ADA's definition of disability, since her doctors, including a doctor assigned to her from VaxGen, diagnosed her with PTSD, depression and an abnormal thyroid condition. Plaintiff had a physical and/or mental impairment that substantially limited one or more of her major life activities. Plaintiff also had a record of these impairments and she was regarded as having said impairments by others. Defendant VaxGen further violated the ADA regulations prohibiting retaliation against an individual with a disability by illegal work conditions. None of the stated work conditions were imposed on other employees except Plaintiff; therefore, making Plaintiff a victim of retaliation and discrimination.

15. Because of Defendants unreasonable deadlines and work schedule, harassment and retaliation described herein, Plaintiff's medical condition became worse causing among other things, rapid weight gain, crying at work, and severe emotional distress for Plaintiff. Instead of providing a safe environment for Plaintiff to work in, Defendants VAXGEN and BROOKS, maliciously increased the pressure on her in order to make Plaintiff breakdown and either quit her job or go on medical leave.

COMPLAINT FOR DAMAGES                                                    5

IRR LESHIA LAW OFFICE   Fax:415-398-1567        Feb  7 2007  18:35    P.07

16. On February 1, 2005, Plaintiff again notified appropriate individuals at Defendant VAXGEN that they were not following FDA's regulations regarding analyzing the critical data associated with the anthrax vaccines. Plaintiff also contacted authorities outside VaxGen to report what was happening with the anthrax vaccines which had gained public attention in the news at that time.

17. On February 7, 2005, Defendant BROOKS placed Plaintiff on probation for no apparent reason and without justification. Plaintiff is ordered by BROOKS to finish 7 programs in a month (an unreasonable task which no other programmer at VAXGEN had to accomplish) in order for Plaintiff to be taken off her probation.

18. On February 7, 2005, Plaintiff asked Defendant VAXGEN's management, Mike Lock, if she could report to another manager instead of Lisa Brooks, because the harassment caused by Defendant BROOKS was causing Plaintiff's medical condition to become worse. Plaintiff's request was denied without reason, consideration or explanation.

19. In just 5 days, on February 12, 2005, Plaintiff had finished 6 of the 7 programs that she was ordered to complete by BROOKS. Plaintiff then asked BROOKS if she would lift the probation against her but BROOKS stubbornly and maliciously refused.

20. On February 14, 2005, due to the enormous pressures imposed on Plaintiff by Defendants VAXGEN and BROOKS and at the advice of her doctor, Plaintiff had to stop working due to her increasing disabilities and she was placed on medical leave.

21. On March 11, 2005, Defendant VAXGEN sent Plaintiff a letter stating among other things that Defendant VAXGEN **"may"** terminate Plaintiff if she did not return to work by April 11, 2005.

22. On April 8, 2005, Plaintiff advised Defendant that she would return to work shortly after April 11, 2005, as soon as her doctors first reviewed some medical tests

COMPLAINT FOR DAMAGES                                                        6

1  and cleared her for work.  Plaintiff heard nothing from Defendants in response to her

2  April 8th communication.

3       23.    On April 12, 2005, Plaintiff had been employed for Defendant VAXGEN

4  for 1 year and therefore she became eligible for certain benefits that accrued and/or

5  vested in Plaintiff, including but not limited to stock option benefits.  Plaintiff was also

6  entitled to the protections under VaxGen's Family and Medical Leave of Absence, the

7  federal Family and Medical Leave Act (hereinafter FMLA), and the California Family

8  Rights Act (hereinafter CFRA).  Plaintiff qualified for the leave under these Acts

9  because she was employed for Defendant VAXGEN for at least 12 months and/or she

10  worked at least 1,250 hours in a 12-month period.

11       24.    On April 13, 2005, Defendant VAXGEN sent Plaintiff an email indicating

12  that her employment was terminated.

13       25.    On April 13, 2005, Plaintiff immediately emailed VaxGen back explaining

14  that she will come back to work in a couple of days after the results of her medical tests

15  are reviewed by her doctor.  Plaintiff requested a reasonable accommodation from

16  Defendant for a couple of more days of medical leave.  On April 15, 2005, Defendant

17  advised Plaintiff of their refusal to make any accommodation for Plaintiff and VaxGen

18  proceeded to terminate her employment.  No undue hardship was created on

19  Defendants by Plaintiff's request for a few more days of medical leave before returning

20  back to work.  Defendants' refusal of Plaintiff's simple request for a few days more of

21  medical leave was unreasonable and in violation of the ADA, FMLA and the CFRA.

22       26. As a result of Defendants' actions as alleged above, Plaintiff was wrongfully

23  terminated from her employment with Defendant VAXGEN on or after April 13, 2005.

24  Plaintiff suffered extreme emotional distress, shock, humiliation, anxiety, nervousness,

25  and depression as a result of Defendants outrageous, malicious and intentional conduct

26  which constitutes serious violations of ADA, FMLA, CFRA, the Fair Employment and

27  Housing Act (hereinafter referred to as FEHA) and public policy.  Plaintiff 's health was

28

COMPLAINT FOR DAMAGES                                                                    7

1   impaired to the point where she was partially disabled physically and mentally as a

2   result of Defendants' actions. In spite of Plaintiff's repeated requests, Defendants

3   refused to provide any reasonable work accommodations for Plaintiff's disabilities, but

4   instead made her working conditions so onerous as to force her to take leave of her job.

5       27. Plaintiff's damages include: unpaid compensation in the amount in excess of

6   $150,000.00, plus prejudgment interest. Economic losses due to Plaintiff's retaliation,

7   wrongful termination and constructive discharge, including front pay and back pay.

8   Mental and emotional distress which has interfered with Plaintiff's ability to lead a

9   normal life. The monetary value of these damages is believed to be well in excess of

10  $500,000.00. Plaintiff is entitled to recover attorney's fees and costs of litigation. In

11  addition, the egregious facts and circumstances of this case entitle Plaintiff to punitive

12  damages.

13                          **FIRST CAUSE OF ACTION**
           **(Violation of Fair Employment and Housing Act, Govt. Code § 12940 et seq.)**
14                          **(Against All Defendants)**

15      28. Plaintiff hereby realleges and incorporates by reference Paragraphs 1

16  through 27, inclusive, of the Complaint, as though set forth in full herein.

17      29. This action is brought pursuant to the California Fair Employment and

18  Housing Act, Government Code section 12900 et seq. and the corresponding

19  regulations of the California Fair Employment and Housing Act.

20      30. At all relevant times, Defendant VAXGEN regularly employed five or more

21  persons, bringing Defendant within the provisions of section 12900 et seq. of the

22  Government Code, prohibiting employers or their agents from discriminating against,

23  retaliating against, harassing and failing to provide reasonable accommodations to

24  employees on the basis of physical or mental disability, or to retaliate against

25  employees for complaining about public policy violations.

26

27

28

COMPLAINT FOR DAMAGES                                                              8

IRA LESHIN LAW OFFICE    fax:415-398-1567          Feb  1 2007  18:36      P. 10

1        31.  On or about January 19, 2006, Plaintiff filed charges of discrimination,

2    harassment and retaliation against Defendants VAXGEN and BROOKS with the

3    California Department of Fair Employment and Housing (hereinafter "DFEH").

4        32.  Defendants' discriminatory practices, retaliation, harassment, wrongful

5    termination and failure to provide reasonable accommodations, detailed above,

6    constitute actionable violations of the California Fair Employment and Housing Act,

7    Government Code sections 12900 et seq.

8        33.  Defendants discriminated against, retaliated against and harassed Plaintiff

9    because of her physical and mental disabilities, and her complaints about the faulty

10   data and software being used by Defendant VAXGEN in the making of the next

11   generation of the anthrax vaccine intended to be used for the common good of the

12   general public.  Plaintiff has suffered the effects of verbal harassment, professional

13   injury to her reputation and career and loss of recognition.

14       34.  As a consequence of Defendants actions, Plaintiff has suffered damages in

15   an amount to be determined according to proof, and as described in Paragraph 27,

16   above.

17                      **SECOND CAUSE OF ACTION**
                (Violation of California Labor Code §§ 98.6 and 1102.5)
18                  (California Whistleblower Protection Act)
                            (Against All Defendants)
19

20        35.  Plaintiff hereby realleges and incorporates by reference Paragraphs 1

21   through 34, inclusive, of the Complaint, as though set forth in full herein.

22        36.  Plaintiff had a statutory right pursuant to California Labor Code sections

23   1102.5(a-d) to be free from authorities and agents of the Defendant VAXGEN, including

24   but not limited to Lisa Brooks, using their official authority and influence for the purpose

25   of intimidating or threatening Plaintiff for disclosing or complaining about information

26   protected by California Labor Code section 1102.5 including complaints about

27   unreliable and faulty data and defective software programs where the Plaintiff had

28   reasonable cause to believe that the information about these problems with the

COMPLAINT FOR DAMAGES                                                         9

1   VAXGEN work on the anthrax vaccine would disclose a violation of state or federal

2   statute, or a violation or noncompliance with a state or federal rule or regulation.

3   Defendants conduct as alleged herein above violated Labor Code Section 1102.5(a-d)

4   because they retaliated against Plaintiff for refusing to participate in an activity that

5   would result in a violation of state or federal statute, or a violation or noncompliance

6   with a state or federal rule or regulation.

7          37.  As a proximate result, Defendants are liable for the civil damages incurred

8   by Plaintiff including but not limited to emotional distress damages for the severe and

9   continuing emotional distress she has suffered as a result, and other damages as set

10  forth in Paragraph 27 above.

11

12                            **THIRD CAUSE OF ACTION**
                   **(Violation of Americans With Disabilities Act of 1990)**
13                            **(Against All Defendants)**

14         38.  Plaintiff hereby realleges and incorporates by reference Paragraphs 1

15  through 37, inclusive, of the Complaint, as though set forth in full herein.

16         39.  As a matter of public policy, employers should not subject employees to

17  retaliation for reporting errors in their work that could affect the general welfare and

18  safety of the people of the United States.  Defendants' actions as alleged above

19  rendered the working environment so intolerable as to cause Plaintiff to go on medical

20  leave and thereafter Defendant wrongfully terminated Plaintiff in retaliation of her

21  complaints about the way that Defendant VAXGEN was making new anthrax vaccines

22  to be used for the benefit of the general public.  Defendant also retaliated and

23  discriminated against Plaintiff by refusing to make a reasonable accommodation for

24  Plaintiff who requested a few more days of medical leave before returning back to work.

25         40.  As a consequence of Defendants' actions, Plaintiff has suffered damages in

26  an amount to be determined according to proof, and as described in Paragraph 27,

27  above.

28

COMPLAINT FOR DAMAGES

IRA LESHIA LAW OFFICE   Fax:415-398-1567        Feb  1 2007  18:36    P.12

## FOURTH CAUSE OF ACTION
### (Violations of the Federal Family and Medical Leave Act and the California Family Rights Act)
### (Against Defendant VAXGEN)

41.  Plaintiff hereby realleges and incorporates by reference Paragraphs 1 through 40, inclusive, of the Complaint, as though set forth in full herein.

42.  As a matter of public policy, employers should not subject employees to retaliation for reporting errors in their work that could affect the general welfare and safety of the people of the United States.  Defendants' actions as alleged above rendered the working environment so intolerable as to cause Plaintiff to go on medical leave and thereafter Defendant wrongfully terminated Plaintiff in retaliation of her complaints about the way that Defendant VAXGEN was making new anthrax vaccines to be used for the benefit of the general public.  Defendant also retaliated and discriminated against Plaintiff by refusing to make a reasonable accommodation for Plaintiff who requested a few more days of medical leave before returning back to work.

43.  As a consequence of Defendants' actions, Plaintiff has suffered damages in an amount to be determined according to proof, and as described in Paragraph 27, above.

## FIFTH CAUSE OF ACTION
### (Violations of Civil Code § 1798 et seq.)
### (Against Defendant VAXGEN)

44.  Plaintiff hereby realleges and incorporates by reference Paragraphs 1 through 44, inclusive, of the Complaint, as though set forth in full herein.

45.  Defendant VAXGEN refused to permit Plaintiff to inspect the contents of her personnel file and refused to provide her copies of any documents in her personnel file including recent performance evaluations that she was never permitted to inspect.

46.  Defendant's actions violated Civil Code section 1798.45 which authorizes an individual to bring a civil action against an agency that refuses to comply with an individual's lawful request to inspect her entire personnel file within 30 days of receipt of the request.  Civil Code section 1798.34(a) provides that failure to respond within the

COMPLAINT FOR DAMAGES                                                    11

IRA LESHIA LAW OFFICE  Fax:415-398-1567    Feb  1 2007  18:36    P.13

1  statutory time limit shall be deemed denial which imposes strict liability for failure to

2  respond within the time limits. Civil Code section 1798.48 permits Plaintiff to recover

3  actual damages including damages for mental suffering, reasonable attorney's fees and

4  costs of suit incurred. Defendant's actions violated Code section 1798.77 which

5  requires Defendant to ensure that no record containing personal information shall be

6  modified, transferred, or destroyed to avoid compliance with any of the provisions of

7  this chapter.

8      47.  Plaintiff had a statutory right pursuant to the California Information Practices

9  Act of 1977, Civil Code section 1798 et seq. to a full and correct copy of said file in a

10  timely manner and upon request. As a proximate result, Defendant is liable for

11  statutory penalties, exemplary damages, and the civil damages incurred by Plaintiff,

12  including but not limited to emotional distress damages for the severe and continuing

13  emotional distress she has suffered as a result.

14                    **FIFTH CAUSE OF ACTION**
15              **(Intentional Infliction of Emotional Distress)**
                     **(Against All Defendants)**
16
17      48.  Plaintiff hereby realleges and incorporates by reference Paragraphs 1

18  through 47, inclusive, of the Complaint, as though set forth in full herein.

19      49.  Defendants' conduct was so outrageous, malicious and oppressive, and was

20  performed intentionally and with reckless disregard towards Plaintiff, and it caused

21  severe emotional distress to Plaintiff. Defendant's conduct towards Plaintiff employee

22  constituted a breach of duty to Plaintiff to provide a work environment free of

23  harassment, retaliation and discrimination.

24                    **SIXTH CAUSE OF ACTION**
              **(Negligent Infliction of Emotional Distress)**
25                   **(Against All Defendants)**

26      50.  Plaintiff hereby realleges and incorporates by reference Paragraphs 1

27  through 49, inclusive, of the Complaint, as though set forth in full herein.

28

COMPLAINT FOR DAMAGES                                                    12

IRA LESHIN LAW OFFICE   Fax:415-898-1587        Feb  1 2007  10:36      P.14

51.  In the alternative to the Fifth Cause of Action, Defendants' conduct was negligent in causing severe emotional distress to Plaintiff.  Defendant's conduct towards Plaintiff employee constituted a breach of duty to Plaintiff to provide a work environment free of harassment, retaliation and discrimination.  As a direct and legal result of said negligent conduct by Defendant, Plaintiff sustained severe emotional distress, anxiety, shock and humiliation in addition to the other damages set forth herein above.

**WHEREFORE**, Plaintiff demands a trial by jury and prays for judgment against Defendants, and each of them as follows:

1.    For all compensatory and consequential damages against Defendant of at least $850,000.00 and in an amount to be determined according to proof at trial;

2.    For all damages proximately caused by the acts and omissions of Defendant;

3.    For prejudgment interest on all amounts claimed;

4.    For all attorneys fees;

5.    For punitive damages to set an example and teach Defendant a lesson for engaging in said malicious and intentional conduct, and

6.    For the costs of suit herein.

7.    For such other and further relief as this Court may deem just and proper.


Dated:  January 1̷, 2007                    LAW OFFICES OF IRA LESHIN



                                           IRA LESHIN
                                    By:_____
                                           Ira Leshin
                                           Attorneys for Plaintiff,
                                           Aria Razban


COMPLAINT FOR DAMAGES                                              13

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>**Ira Leshin, SB#139768**<br>**Law Office of Ira Leshin**<br>**220 Sansome Street, 6th Floor**<br>**San Francisco, CA 94104**<br>TELEPHONE NO.: **(415) 398-3950**    FAX NO.*(Optional)*: **(415) 398-1567**<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*:    **Plaintiff Aria Razban** | *FOR COURT USE ONLY* |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   **San Mateo**
STREET ADDRESS:  **400 County Center**
MAILING ADDRESS:
CITY AND ZIP CODE:  **Redwood City, CA 94063**
BRANCH NAME:

PLAINTIFF/PETITIONER:   **Aria Razban**

DEFENDANT/RESPONDENT:   **Vaxgen, Inc., Lisa Brooks, et al.**

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one):   [X] **UNLIMITED CASE**        [ ] **LIMITED CASE**<br>(Amount demanded                (Amount demanded is $25,000<br>exceeds $25,000)                 or less) | **CIV 460333** |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:
Date:  **May 23, 2007**    Time:  **9:00 a.m.**    Dept.:  **8**    Div.:        Room:
Address of court *(if different from the address above)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1.  **Party or parties** *(answer one)*:
    a.  [X]  This statement is submitted by party *(name)*:   **Plaintiff Aria Razban**
    b.  [ ]  This statement is submitted jointly by parties *(names)*:

2.  **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
    a.  The complaint was filed on *(date)*:  **January 19, 2007**
    b.  [ ]  The cross-complaint, if any, was filed on *(date)*:

3.  **Service** *(to be answered by plaintiffs and cross-complainants only)*
    a.  [ ]  All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
    b.  [X]  The following parties named in the complaint or cross-complaint
        (1)  [X]  have not been served *(specify names and explain why not)*:
             **Vaxgen, Inc., Lisa Brooks,  Amended Complaint just filed 05/16/07**
        (2)  [ ]  have been served but have not appeared and have not been dismissed*(specify names)*:
        (3)  [ ]  have had a default entered against them *(specify names)*:
    c.  [ ]  The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4.  **Type of case in**  [X] complaint    [ ] cross-complaint    *(describe, including causes of action)*:
    **Employment dispute alleging claims for wrongful termination, retaliation, harassment and violations of the California Family Rights Act and FMLA.**

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2005]
*Martin Dean's Essential Forms ™*

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rule 212

**Razban**

| PLAINTIFF/PETITIONER: **Aria Razban** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **Vaxgen, Inc., Lisa Brooks, et al.** | **CIV 460333** |

4.  b.   Provide a brief statement of the case, including any damages.*(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

**Plaintiff worked for defendant as a Programmer Analyst starting in April 2004. Starting in October 2004 and continuing until her termination on April 13, 2005, defendants harassed and retaliated against plaintiff because of her physical and emotional disabilities and because she complained to her superiors and others that the program data used by defendant to genetically engineer the next generation of the anthrax vaccine had multiple flaws or "bugs" with the program. Defendants conduct as setforth in plaintiff's amended complaint caused plaintiff severe emotional and physical distress and the wrongful termination of plaintiff has caused plaintiff to be out of work and has necessitated medical treatment. Plaintiff's special damages are estimated to be in excess of $50,000.00.**

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request  ☒ a jury trial    ☐ a nonjury trial  *(if more than one party, provide the name of each party requesting a jury trial)* :

6.   **Trial date**
   a.   ☐ The trial has been set for *(date)* :
   b.   ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain)* :  **Because of amendments to the complaint and anticipated extensive discovery, this case should be declared an 18 month case.**
   c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability)*:

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one)* :
   a.   ☒ days *(specify number)* :  **10 days**
   b.   ☐ hours (short causes) *(specify)* :

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial    ☒ by the attorney or party listed in the caption    ☐ by the following:
   a.   Attorney:
   b.   Firm:
   c.   Address:
   d.   Telephone number:
   e.   Fax number:
   f.   E-mail address:
   g.   Party represented:
   ☐ Additional representation is described in Attachment 8.

9.   **Preference**
   ☐ This case is entitled to preference *(specify code section)* :

10.  **Alternative Dispute Resolution (ADR)**
   a.   Counsel  ☒ has  ☐ has not      provided the ADR information package identified in rule 201.9 to the client and has reviewed ADR options with the client.
   b.   ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date)* :
   c.   ☐ The case has gone to an ADR process *(indicate status)* :

| PLAINTIFF/PETITIONER: **Aria Razban** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **Vaxgen, Inc.** | **CIV 460333** |

10.  d.    The party or parties are willing to participate in *(check all that apply)* :
   (1)  ☒ Mediation
   (2)  ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 1612)
   (3)  ☒ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 1612)
   (4)  ☐ Binding judicial arbitration
   (5)  ☐ Binding private arbitration
   (6)  ☒ Neutral case evaluation
   (7)  ☐ Other *(specify)* :

   e.    ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
   f.    ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
   g.    ☐ This case is exempt from judicial arbitration under rule 1601(b) of the California Rules of Court *(specify exemption)* :

11.  **Settlement conference**
   ☒ The party or parties are willing to participate in an early settlement conference*(specify when)* :
   **September 2007 or at the court's convenience**

12.  **Insurance**
   a.    ☐ Insurance carrier, if any, for party filing this statement*(name)* :
   b.    Reservation of rights:    ☐ Yes    ☐ No
   c.    ☐ Coverage issues will significantly affect resolution of this case*(explain)* :

13.  **Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
   ☐ Bankruptcy    ☐ Other *(specify)* :
   Status:

14.  **Related cases, consolidation, and coordination**
   a.    ☐ There are companion, underlying, or related cases.
      (1)  Name of case:
      (2)  Name of court:
      (3)  Case number:
      (4)  Status:
      ☐ Additional cases are described in Attachment 14a.
   b.    ☐ A motion to    ☐ consolidate    ☐ coordinate    will be filed by *(name party)* :

15.  **Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)* :

16.  **Other motions**
   ☒ The party or parties expect to file the following motions before trial*(specify moving party, type of motion, and issues)* :
   **Motions in Limine**

---

**CASE MANAGEMENT STATEMENT**

**Razban**

| PLAINTIFF/PETITIONER: **Aria Razban** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **Vaxgen, Inc., Lisa Brooks** | **CIV 460333** |

17. **Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| **Plaintiff** | **Interrogatories** | **August 2007** |
| **Plaintiff** | **Requests for Production of Documents** | **August 2007** |
| **Plaintiff** | **SDT Records** | **October 2007** |
| **Plaintiff** | **Depositions of Defendants** | **November 2007** |
| **Plaintiff** | **Depositions of Witnesses** | **January 2008** |
| **Plaintiff** | **Expert discovery** | **May 2008** |

   c. ☐ The following discovery issues are anticipated *(specify)*:

18. **Economic Litigation**
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

19. **Other issues**
   ☒ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*: **An Amended Complaint was filed by Plaintiff. Defendant will probably file an Answer or demurrer within the next 45 days. The CMC should be continued for 60 days to allow time for defendants to be served and to appear.**

20. **Meet and confer**
   a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 212 of the California Rules of Court *(if not, explain)*:

   b. After meeting and conferring as required by rule 212 of the California Rules of Court, the parties agree on the following *(specify)*:

21. **Case management orders**
   Previous case management orders in this case are *(check one)*: ☒ none   ☐ attached as Attachment 21.

22. Total number of pages attached *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:  **MAy 16, 2007**

**Ira Leshin** _____          ▶ _____
(TYPE OR PRINT NAME)                                         (SIGNATURE OF PARTY OR ATTORNEY)

_____                              ▶ _____
(TYPE OR PRINT NAME)                                         (SIGNATURE OF PARTY OR ATTORNEY)

                                                              ☐ Additional signatures are attached

CM-110 [Rev. January 1, 2005]
*Martin Dean's Essential Forms* ™        **CASE MANAGEMENT STATEMENT**        Page 4 of 4

**Razban v. Vaxgen**

## CERTIFICATE OF SERVICE

I declare that I am over the age of eighteen years and that I am not a party to the action entitled <u>RAZBAN V. VAXGEN, et al.</u>, California Superior Court, County of San Mateo, Case No. CIV 460333.  My business address is LAW OFFICE OF IRA LESHIN, 220 Sansome Street, Sixth Floor San Francisco, CA 94104.  On the date set forth below, I served the following document(s) on the parties in this action:

   1.   **PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT, AND**
   2.   **THIS CERTIFICATE OF SERVICE**

Service of these documents was accomplished in the following manner:

☑    **By First Class Mail:** I placed each document listed above in sealed  envelope(s), addressed to the recipient(s) set forth below, with pre-paid postage affixed thereto, and deposited said envelope(s) in a recognized place of deposit for collection and delivery by first-class United States Mail.

☑    **By Facsimile:** I caused each document to be transmitted to the recipient(s) set forth below at their respective facsimile numbers as indicated.

☐    **By Personal Service:** I personally served each document listed above on the recipient(s) set forth below.

☐    **By Courier/Messenger:** I placed each document listed above in a sealed envelope(s), addressed to the recipient(s) set forth below, and arranged personal delivery of the same through a messenger/courier service, for delivery to be accomplished on this date.

Said document(s) were delivered to following recipients:

Gregory C. Tenhoff, Esq.
COOLEY GODWARD KRONISH, LLP
3000 El Camino Real
Palo Alto, CA 94306-2155

FAX: **650-849-7400**

I declare under penalty of perjury that the foregoing is true and correct.  Executed May 16, 2007, at San Francisco, California.

Ira Leshin

PROOF OF SERVICE

1  COOLEY GODWARD KRONISH LLP
   GREGORY C. TENHOFF (154553)
2  LISA BARNETT SWEEN (191155)
   ELIZA HOARD (238276)
3  Five Palo Alto Square
   3000 El Camino Real
4  Palo Alto, CA  94306-2155
   Telephone:    (650) 843-5000
5  Facsimile:    (650) 849-7400

6  Attorneys for Defendants
   VAXGEN, INC. and LISA BROOKS

7

**ENDORSED FILED**
SAN MATEO COUNTY

JUN 1 3 2007

Clerk of the Superior Court
By      E. Boffi
         DEPUTY CLERK

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  IN AND FOR THE COUNTY OF SAN MATEO

10                         UNLIMITED JURISDICTION

11

12  ARIA RAZBAN,                          No. CIV 460333

13              Plaintiff,                **ANSWER OF DEFENDANTS VAXGEN, INC.
                                          AND LISA BROOKS TO PLAINTIFF ARIA**
14        v.                              **RAZBAN'S UNVERIFIED FIRST AMENDED
                                          COMPLAINT FOR DAMAGES**
15  VAXGEN, INC., a Delaware corporation,
    LISA BROOKS, and DOES 1 through 50,
16  inclusive,

17              Defendants.

18

19        Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendants

20  VaxGen, Inc. ("VaxGen") and Lisa Brooks ("Brooks" or collectively "Defendants") hereby deny

21  generally and specifically each and every allegation contained in each and every cause of action

22  alleged in Plaintiff Aria Razban's unverified First Amended Complaint (the "Complaint"), and

23  further deny that Plaintiff has been damaged in any sum or sums whatsoever as a result of any

24  alleged conduct of Defendants.

25        Separately, and as defenses to each of the purported causes of action in Plaintiff's

26  Complaint, and pursuant to California Code of Civil Procedure Section 431.30(g), Defendants

27  allege the following affirmative defenses:

28  ///

1043168 v1/SF                          -1-

DEFENDANTS' ANSWER TO PLAINTIFF ARIA RAZBAN'S COMPLAINT FOR DAMAGES

**DEFENSES**

As and for separate defenses to each of the causes of action in the Complaint, Defendants allege as follows:

### FIRST SEPARATE AND ADDITIONAL DEFENSE
### (Failure to State a Cause of Action – All Causes of Action)

1.     The Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action upon which the requested relief may be granted.

### SECOND SEPARATE AND ADDITIONAL DEFENSE
### (Statute of Limitations – All Causes of Action)

2.     Each and every cause of action in the Complaint is barred by the applicable statutes of limitations, including, but not limited to Code of Civil Procedure Sections 339 and 340, *et seq.* and California Government Code Sections 12960 and 12965, *et seq.*

### THIRD SEPARATE AND ADDITIONAL DEFENSE
### (Failure to Exhaust Administrative Remedies – First, Second and Third Causes of Action)

3.     Plaintiff's causes of action are barred in whole or in part because she failed to exhaust the required administrative procedures or remedies or otherwise failed to complete in a timely manner those administrative steps that are a necessary prerequisite to the filing of the Complaint.

### FOURTH SEPARATE AND ADDITIONAL DEFENSE
### (Workers' Compensation Exclusivity – All Causes of Action)

4.     Any and all claims by Plaintiff based in whole or in part upon any alleged physical or emotional injury or distress, or any disability, are barred and preempted by the exclusivity provision of the California Workers' Compensation Act. Both Plaintiff and Defendant VaxGen were covered by the Workers' Compensation Act at the time of Plaintiff's alleged injuries and said injuries arose, if at all, out of Plaintiff's employment.

### FIFTH SEPARATE AND ADDITIONAL DEFENSE
### (Justification – All Causes of Action)

5.     As to each and every cause of action, Defendants were justified in doing any

1043168 v1/SF

-2-

1   and/or all of the acts alleged in the Complaint.

2   **SIXTH SEPARATE AND ADDITIONAL DEFENSE**
3   **(Managerial Discretion – Second, Third, Seventh and Eighth Causes of Action)**

4        **6.**    The conduct of Defendant Lisa Brooks in connection with the matters alleged in
5   the Complaint was undertaken in the course and scope of her employment and pursuant to her
6   management responsibilities, and Plaintiff's maintenance of this action against Defendant Lisa
7   Brooks therefore is barred by the "manager's privilege."

8   **SEVENTH SEPARATE AND ADDITIONAL DEFENSE**
9   **(Plaintiff's Failure to Avail Herself of Well-Publicized**
    **Complaint Procedure – All Causes of Action)**
10

11       **7.**    Plaintiff failed to avail herself of an available and well-publicized procedure for
12  remedying matters of the type alleged in the Complaint.

13  **EIGHTH SEPARATE AND ADDITIONAL DEFENSE**
14  **(After-Acquired Evidence – All Causes of Action)**

15       **8.**    Plaintiff's claims are barred or limited to the extent that she engaged in misconduct
16  of which Defendants were unaware until after Plaintiff's separation with Defendant VaxGen,
17  which conduct provides a separate, independent reason for terminating Plaintiff's employment.

18  **NINTH SEPARATE AND ADDITIONAL DEFENSE**
19  **(Unclean Hands – All Causes of Action)**

20       **9.**    Each and every cause of action in the Complaint is barred by the doctrine of
21  unclean hands.

22  **TENTH SEPARATE AND ADDITIONAL DEFENSE**
23  **(No Entitlement To Attorneys' Fees – All Causes of Action)**

24       **10.**    Plaintiff's Complaint and each causes of action therein fails to state facts sufficient
25  to constitute a cause of action for attorneys' fees against Defendants.

26  ///

27  ///

28  ///

1

**ELEVENTH SEPARATE AND ADDITIONAL DEFENSE**
**(Substantive Due Process – All Causes of Action**

2

3       **11.**    Plaintiff's demand for punitive damages violates Defendants' right to protection

4   from excessive fines as provided by the Eighth Amendment of the United States Constitution and

5   Article I, Section 17 of the Constitution of the State of California, and violates Defendants' right

6   to substantive due process as provided in the Fifth and Fourteenth Amendments of the United

7   States Constitution and California Constitution.

8

**TWELFTH SEPARATE AND ADDITIONAL DEFENSE**
**(No Entitlement To Punitive Damages – All Causes of Action**

9

10       **12.**    Plaintiff's complaint fails to state facts sufficient to form a basis for obtaining

11   punitive damages.

12

**THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE**
**(Mitigation – All Causes of Action**

13

14       **13.**    Plaintiff's demand for damages for all causes of action is barred or reduced by her

15   failure to mitigate her alleged damages.

16

**FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE**
**(Waiver – All Causes of Action**

17

18       **14.**    The Complaint and each and each of its causes of action are barred by the doctrine

19   of waiver.

20

**FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE**
**(Estoppel – All Causes of Action**

21

22       **15.**    The Complaint and each of its causes of action are barred by the doctrine of

23   estoppel.

24

**ADDITIONAL DEFENSES**

25       Defendants currently do not have sufficient knowledge or information upon which to base

26   an assertion of additional affirmative defenses, although such additional defenses may exist.

27   Defendants reserve the right to assert separate and additional defenses if discovery indicates that

28   such separate defenses apply to this action.

DEFENDANTS' ANSWER TO PLAINTIFF ARIA RAZBAN'S COMPLAINT FOR DAMAGES

1    ### DEFENDANTS' REQUEST FOR COSTS AND ATTORNEYS' FEES

2    Plaintiff knew or should have known that her claims are without any reasonable basis in

3    law or equity and cannot be supported by good faith argument for extension, modification or

4    reversal of existing law. As a result of Plaintiff's filing of this Complaint, Defendants have been

5    required to obtain the services of the undersigned attorneys, and have incurred and will continue

6    to incur substantial costs and attorneys' fees in defense of this meritless case, and Defendants are

7    therefore entitled to recover reasonable attorneys' fees, expenses and costs incurred by and

8    through this action.

9    ### PRAYER FOR RELIEF

10    **WHEREFORE,** Defendants pray as follows:

11    1.    That Plaintiff's Complaint be dismissed in its entirety with prejudice;

12    2.    That judgment be entered thereon in favor of Defendants and against Plaintiff;

13    3.    That the Court award Defendants all allowable fees and costs incurred in defense

14    of this action; and

15    4.    That the Court grant such other and further relief as it may deem proper.

16

17    Dated: June 13, 2007              COOLEY GODWARD KRONISH LLP

18

19    By: _Lisa Barnett Sween_____
                                      Lisa Barnett Sween
20
      Attorneys for Defendants
21    VAXGEN, INC. and LISA BROOKS

22

23

24

25

26

27

28

1043168 v1/SF                        -5-

**DEFENDANTS' ANSWER TO PLAINTIFF ARIA RAZBAN'S COMPLAINT FOR DAMAGES**

## PROOF OF SERVICE

I am a citizen of the United States and a resident of the State of California. I am employed in San Francisco County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is Cooley Godward Kronish LLP, 101 California Street, 5th Floor, San Francisco, California 94111-5800. My e-mail address is keudaley@cooley.com. On the date set forth below I served the document described below in the manner described below:

> **ANSWER OF DEFENDANTS VAXGEN, INC. AND LISA BROOKS TO PLAINTIFF ARIA RAZBAN'S UNVERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

☒ **(BY U.S. MAIL – CCP § 1013a(1))** I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at San Francisco, California.

☐ **(BY MESSENGER SERVICE – CCP § 1011)** by consigning the document(s) to an authorized courier and/or process server for hand delivery on this date.

☐ **(BY FACSIMILE – CCP § 1013(e))** I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

☐ **(BY OVERNIGHT MAIL – CCP § 1013(c))** I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by _____ for overnight delivery.

☐ **(BY ELECTRONIC MAIL – CCP § 1010.6(a)(6))** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused such documents described herein to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

on the following parties in this action:

//

//

//

1043168 v1/SF

-6-

1    Ira Leshin, Esq.
      LAW OFFICES OF IRA LESHIN
2    220 Sansome Street, 6th Floor
      San Francisco, CA 94104
3    Tel:  (415) 398-3950
      Fax: (415) 398-1567
4    email:  lesdin@aol.com

5         I declare under penalty of perjury under the laws of the State of California that the above

6    is true and correct.

7         Executed on June 13, 2007, at San Francisco, California.

8

9                                        Kathy A. Eudaley
10                                       Kathy A. Eudaley

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' ANSWER TO PLAINTIFF ARIA RAZBAN'S COMPLAINT FOR DAMAGES**