1  COOLEY GODWARD KRONISH LLP
   GREGORY C. TENHOFF (154553)
2  LISA BARNETT SWEEN (191155)
   ELIZA HOARD (238276)
3  Five Palo Alto Square
   3000 El Camino Real
4  Palo Alto, CA  94306-2155
   Telephone:    (650) 843-5000
5  Facsimile:    (650) 849-7400

6  Attorneys for Defendants
   VAXGEN, INC. and LISA BROOKS
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11

12 ARIA RAZBAN,                          No. C 07-03136 JL

13            Plaintiff,                  **DECLARATION OF LISA BARNETT
                                          SWEEN IN SUPPORT OF DEFENDANTS'**
14      v.                               **SEPARATE STATUS REPORT AND CASE
                                          MANAGEMENT STATEMENT**
15 VAXGEN, INC., a Delaware corporation,
   LISA BROOKS, and DOES 1 through 50,
16 inclusive,

17            Defendants.

18

19      I, LISA BARNETT SWEEN, declare as follows:

20      1.    I am an attorney duly licensed to practice before the Courts of the State of

21 California.  I am Special Counsel with the law firm of Cooley Godward Kronish LLP, attorneys

22 of record herein for Defendants VaxGen, Inc. and Lisa Brooks.  I make the following statements

23 of my own knowledge, and if called upon to testify to the truth of them, I could and would do so.

24      2.    Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16-9, the parties

25 to the above-captioned action met and conferred on August 22, 2007 for the purpose of

26 submitting a Joint Status Report, Case Management Statement, and Proposed Case Management

27 Order.

28

1    3.    On August 24, 2007 this office forwarded a proposed Joint Status Report, Case

2    Management Conference Statement, and Proposed Case Management Order ("Rule 26(f)

3    Report") to Plaintiff's counsel, Ira Leshin, via facsimile and regular mail. A true and correct copy

4    of our August 24, 2007 letter is attached hereto as Exhibit 1.

5    4.    On Friday August 31, 2007, I telephoned Mr. Leshin for the purpose of inquiring

6    whether Plaintiff had any proposed revisions to the Rule 26(f) Report. I did not hear back from

7    Mr. Leshin.

8    5.    On Tuesday September 4, 2007, I again called Mr. Leshin. At that time he advised

9    that Plaintiff intended to revise the discovery deadlines as set forth in the draft Rule 26(f) Report.

10    He was unable to provide any further description of his proposed revisions and requested that I

11    resend our August 24 letter and draft Rule 26(f) Report via email.

12    6.    At approximately 4:30 p.m. on September 4, 2007, I resent Mr. Leshin the draft

13    Rule 26(f) Report via email to iraleshin@aol.com. I again requested his feedback as soon as

14    possible so that Defendants could timely file with the Court. A true and correct copy of my

15    September 4, 2007 email to Mr. Leshin is attached hereto as Exhibit 2.

16    7.    At approximately 11:00 a.m. today, September 5, 2007, I emailed Mr. Leshin

17    again requesting that he provide proposed revisions to the Rule 26(f) Report. In response to that

18    email, he stated  "there is nothing attached for me to review." At approximately 12:30 p.m. I

19    resent the draft Rule 26(f) Report for a third time.  True and correct copies of my email

20    correspondence with Mr. Leshin today are attached hereto as Exhibit 3.

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28

8.    As of 4:30 p.m. September 5, 2007, Mr. Leshin still had not responded to our multiple attempts to obtain Plaintiff's proposed revisions to the Rule 26(f) Report. Accordingly, Defendants were left with no choice but to file a separate Rule 26(f) Report.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed by me on this _5th_ day of September, 2007 in San Francisco, California.

LISA BARNETT SWEEN

1

2

### PROOF OF SERVICE
### (FRCP 5)

3

4

5

6

7

8

9

I am a citizen of the United States and a resident of the State of California. I am employed in San Francisco County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is Cooley Godward Kronish LLP, 101 California Street, 5th Floor, San Francisco, California 94111-5800. My e-mail address is keudaley@cooley.com. On the date set forth below I served the documents described below in the manner described below:

10

**DECLARATION OF LISA BARNETT SWEEN IN SUPPORT OF DEFENDANTS' SEPARATE STATUS REPORT AND CASE MANAGEMENT STATEMENT**

11

12

13

14

☒  (BY U.S. MAIL) I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at San Francisco, California.

15

☐  (BY MESSENGER SERVICE) by consigning the document(s) to an authorized courier and/or process server for hand delivery on this date.

16

17

☐  (BY FACSIMILE) I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

18

19

20

21

☐  (BY OVERNIGHT MAIL) I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by _____ for overnight delivery.

22

23

24

☐  (BY ELECTRONIC MAIL) I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for the preparation and processing of documents in portable document format (PDF) for e-mailing, and I caused said documents to be prepared in PDF and then served by electronic mail to the parties listed below.

25

//

26

//

27

//

//

28

//

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1043775 v1/SF

1  on the following parties in this action:

2      Ira Leshin, Esq.
       LAW OFFICES OF IRA LESHIN
3      220 Sansome Street, 6th Floor
       San Francisco, CA 94104
4      Tel:  (415) 398-3950
       Fax: (415) 398-1567
5      email:  iraleshin@aol.com

6  Executed on September 5, 2007, at San Francisco, California.

7

8      _____
                        Kathy A. Eudaley
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*EXHIBIT 1*



GREGORY C. TENHOFF                                    VIA MAIL AND FACSIMILE (415) 398-1567
T: (650) 843-5054
F: (650) 849-7400
tenhoffgc@cooley.com

August 24, 2007

Ira Leshin, Esq.
Law Offices of Ira Leshin
200 Sansome Street, 6th Floor
San Francisco, CA 94104

RE:    Razban v. Vaxgen, Inc., et al.

Dear Ira:

Per our Rule 26(f) conference on August 22, I wanted to follow-up on the following items:

- **Protective Order**.  I understand that we've agreed to enter into a mutual protective order.  I enclose a draft of such an order for your review and comments.

- **Depositions**.  Ms. Brooks would be available for deposition on October 22-26.  As we discussed, we will be taking Ms. Razban's deposition first so we are awaiting potential dates for that deposition from you and we then can schedule Ms. Brooks' deposition.

- **Joint Case Management Report**.  Please find attached a draft report for your review and comments.

- **Subpoenas to Ms. Razban's previous employers**.  As we discussed, VaxGen anticipates issuing subpoenas to Ms. Razban's previous employers (including Novacea; Biomedicines; Coulter Pharmaceutical; Pharmaceutical Research Associates; Kaiser Permanente; and American Management Systems).  The categories of documents we intend to request are as follows:

    1.    All documents referring to or reflecting any monetary compensation paid to Aria Razban throughout her employment tenure with [former employer], including, but not limited to, documents that evidence the amount of salary, bonuses, and commissions paid to Ms. Razban.

    2.    All documents referring to or reflecting Ms. Razban's job duties assigned to her by [former employer] or performed by her during her employment.

    3.    All documents referring to or reflecting Ms. Razban's job performance at [former employer], including, but not limited to, performance reviews, counseling documents, warnings, letters, memoranda, notes, awards, raises and criticisms.



Ira Leshin, Esq.
August 24, 2007
Page Two

4.      All contracts, agreements or other documents referring to or reflecting the terms of Ms. Razban's employment relationship with [former employer], including, but not limited to, her offer letter and employment agreement.

5.      All documents referring to or reflecting [former employer]'s termination or resignation of employment from [former employer] and the reasons for her termination or resignation, including, but not limited to, any severance arrangements with Ms. Razban and any communication between [former employer] and Ms. Razban and/or her lawyers concerning her termination or resignation.

6.      All documents evidencing the reason or reasons why Ms. Razban ceased employment with [former employer].

7.      All documents constituting, referring or relating to any complaints of improper or unlawful working conditions made by Ms. Razban against [former employer], including but not limited to claims of discrimination or retaliation, and any responses to such complaints by [former employer].

8.      All documents constituting, referring or relating to any claims or complaints about safety violations or unlawful business practices made by Ms. Razban against [former employer], and any responses to such claims or complaints by [former employer].

9.      All documents (not protected by attorney-client or attorney work product privileges) constituting, referring or relating to any administrative agency, civil court or other legal action taken or threatened to be taken by Ms. Razban against [former employer], including, but not limited to, demand letters, complaints, draft complaints, administrative charges, notices from administrative agencies and settlement agreements.

Please let me know whether Ms. Razban intends to object to these subpoenas or any of these categories.  We are willing to meet and confer with you concerning these subpoenas before they are issued to avoid any dispute over them.  We expect to issue these subpoenas shortly so your prompt reply would be appreciated.



Ira Leshin, Esq.
August 24, 2007
Page Three

I will be out traveling and in deposition next week, but either Lisa Sween or Eliza Hoard will be available to work with you on these items.

Thank you in advance for your cooperation.

Sincerely yours,

Cooley Godward Kronish LLP

Gregory C. Tenhoff

Enclosures

GCT:/jh

758720 v1/PA

1  LAW OFFICES OF IRA LESHIN
   IRA LESHIN (139768)
2  200 Sansome Street, 6th Floor
   San Francisco, CA 94104
3  Telephone:    (415) 398-3950
   Facsimile:    (415) 398-1567
4
   Attorney for Plaintiff
5  ARIA RAZBAN

6  COOLEY GODWARD KRONISH LLP
   GREGORY C. TENHOFF (154553)
7  LISA BARNETT SWEEN (191155)
   ELIZA HOARD (238276)
8  Five Palo Alto Square
   3000 El Camino Real
9  Palo Alto, CA 94306-2155
   Telephone:    (650) 843-5000
10 Facsimile:    (650) 849-7400

11 Attorneys for Defendants
   VAXGEN, INC. and LISA BROOKS
12

13              UNITED STATES DISTRICT COURT

14           NORTHERN DISTRICT OF CALIFORNIA

15               SAN FRANCISCO DIVISION

16

17 ARIA RAZBAN,                           No. C 07-03136 JL

18              Plaintiff,                **JOINT STATUS REPORT, CASE**
                                          **MANAGEMENT STATEMENT, AND**
19      v.                                **PROPOSED CASE MANAGEMENT ORDER**
                                          **PURSUANT TO F.R.C.P. 26 (F) AND LOCAL**
20 VAXGEN, INC., a Delaware corporation,  **RULE 16-9**
   LISA BROOKS, and DOES 1 through 50,
21 inclusive,

22              Defendants.

23

24      Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16-9, the parties to the

25 above-captioned action submit the following Joint Status Report, Case Management Statement,

26 and Proposed Case Management Order.

27

28

*(left margin, vertical text)* Cooley Godward Kronish LLP
DRAFT
DATED: 8/24/07

**I.    PRELIMINARY CONFERENCE.**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, a telephone conference was held on August 22, 2007 that was attended by Ira Leshin, Esq. for Plaintiff Aria Razban ("Razban") and Gregory Tenhoff, Esq. for Defendants VaxGen, Inc. and Lisa Brooks ("Defendants").  The parties have agreed as follows.

**II.    INITIAL DISCLOSURES.**

The parties hereby stipulate to exchange initial disclosures pursuant to Rule 26(a)(1) on or before September 10, 2007.

**III.    DISCOVERY PLAN AND CASE MANAGEMENT SCHEDULE.**

The parties agree that discovery will take place as set forth in the Federal Rules of Civil Procedure and jointly propose the following discovery plan and case management schedule:

- The parties agree that the first deposition will be the deposition of Plaintiff by Defendants, followed by Plaintiff's deposition of Defendant Lisa Brooks.  After these depositions, the parties may notice any other depositions as they deem necessary subject to the Federal Rules of Civil Procedure.

- The parties agree that they may serve written discovery requests on one another or third parties pursuant to the Federal Rules of Civil Procedure.

| | |
|---|---|
| • Proposed Discovery Cutoff Date: | February 1, 2008 |
| • Proposed Date for Expert Disclosures: | March 3, 2008 |
| • Proposed Date for Expert Discovery Cutoff: | May 30, 2008 |
| • Proposed Last Day to serve Dispositive Motions: | April 25, 2008 |
| • Proposed Last day for Hearing on Dispositive Motions: | May 30, 2008 |
| • Pre-trial Conference: | As set by the Court pursuant to Local Rule 16-10 |

**IV.    NO PROPOSED DISCOVERY CHANGES**

At this time, the parties do not propose or agree to any changes in the limitation, scope or schedule of discovery as set forth in the Federal Rules of Civil Procedure.

*Cooley Godward Kronish LLP*
*DRAFT*
*DATED: 8/24/07*

V.      EVIDENCE PRESERVATION.

Plaintiff and Defendants have taken reasonable measures to preserve relevant evidence.

VI.     CONFIDENTIALITY – PROTECTIVE ORDER.

The parties are negotiating the terms of a stipulated protective order to govern the protection of confidential and/or proprietary information in this case.

VII.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES.

[Plaintiff] [Defendants] [The parties] have filed their written Consent To Proceed Before A United States Magistrate Judge.

VIII.   ADR.

The parties have filed a Joint ADR Certification By Parties and Counsel, Stipulation and Proposed Order Selecting an ADR Process, namely Early Neutral Evaluation pursuant to ADR Local Rule 5.  The parties agree to hold the ADR session within 90 days after referral to ENE pursuant to ADR Local Rule 5-4(b).

IX.     SETTLEMENT.

The parties have agreed to attend a settlement conference in front of a Magistrate Judge. The parties also agree that the settlement conference should take place after discovery has been completed.

X.      DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS.

Defendants filed their "Certification of Interested Entities of Persons" pursuant to Local Rule 3-16 on June 14, 2007 when they removed the case to this Court.  Defendants disclosed at that time that Defendants' insurer, National Union Fire Insurance Company of Pittsburgh, PA, may provide coverage for certain claims in this action and that National Union Fire Insurance Company of Pittsburgh, PA is wholly owned by American International Group, Inc., a publicly-held corporation listed on the New York Stock Exchange.

///

///

///

Cooley Godward Kronish LLP
DRAFT
DATED: 8/24/07

**XI.   TRIAL.**

Plaintiff requested a jury trial in the First Amended Complaint.  The parties have agreed that the trial should be scheduled no sooner than July 1, 2008.  The parties estimate that trial in this case will take 10 court days.

Dated:   September ___, 2007          LAW OFFICES OF IRA LESHIN


                                      By: _____
                                                     Ira Leshin

                                      Attorney for Plaintiff ARIA RAZBAN


Dated:   September ___, 2007          COOLEY GODWARD KRONISH LLP


                                      By: _____
                                                 Gregory C. Tenhoff

                                      Attorneys for Defendants
                                      VAXGEN, INC. and LISA BROOKS


**IT IS SO ORDERED:**

Dated:  September ___, 2007          _____
                                      Honorable James Larson
                                      United States Magistrate Judge

1050697 v1/SF

Cooley Godward Kronish LLP
DRAFT
DATED: 8/24/07

1  LAW OFFICES OF IRA LESHIN
   IRA LESHIN (139768)
2  200 Sansome Street, 6th Floor
   San Francisco, CA  94104
3  Telephone:    (415) 398-3950
   Facsimile:    (415) 398-1567
4
   Attorney for Plaintiff
5  ARIA RAZBAN

6  COOLEY GODWARD KRONISH LLP
   GREGORY C. TENHOFF (154553)
7  LISA BARNETT SWEEN (191155)
   ELIZA HOARD (238276)
8  Five Palo Alto Square
   3000 El Camino Real
9  Palo Alto, CA  94306-2155
   Telephone:    (650) 843-5000
10 Facsimile:    (650) 849-7400

11 Attorneys for Defendants
   VAXGEN, INC. and LISA BROOKS

12

13              UNITED STATES DISTRICT COURT

14             NORTHERN DISTRICT OF CALIFORNIA

15                 SAN FRANCISCO DIVISION

16

17 ARIA RAZBAN,                          No. C 07-03136 JL

18              Plaintiff,               **STIPULATION AND [PROPOSED]
                                         PROTECTIVE ORDER**
19       v.

20 VAXGEN, INC., a Delaware corporation,
   LISA BROOKS, and DOES 1 through 50,
21 inclusive,

22              Defendants.

23

24 ///

25 ///

26 ///

27 ///

28 ///

*Cooley Godward Kronish LLP*
**DRAFT**
DATED: 8/24/07

STIPULATION AND [PROPOSED] PROTECTIVE ORDER - CASE NO. C 07-03136 JL                    1.

WHEREAS, in the course of this litigation, disclosure may be made of information that a party or non-party regards as confidential, trade secret, proprietary, personnel information and/or protected by a right to privacy (hereinafter collectively referred to as "Confidential Information"); and

WHEREAS, the parties desire to protect against the unauthorized use or disclosure of Confidential Information except as provided herein;

IT IS HEREBY STIPULATED by and between the parties hereto, through their respective counsel, that the following terms and conditions shall govern the disclosure of Confidential Information in this action:

1. All originals and copies of all documents, materials, tangible things or other information or materials obtained in discovery or otherwise exchanged, disclosed or used herein that contain or refer to any Confidential Information, may be designated by the party or non-party producing, receiving or having an interest in the Confidential Information as "CONFIDENTIAL." Any party or non-party so designating Confidential Information (the "Designating Party") shall have a reasonable and good faith belief that the information so designated is Confidential Information and is properly subject to the designation.

2. Any information designated as "CONFIDENTIAL," and all information derived therefrom, shall only be disclosed as provided in Paragraph 3 below, shall be used only for the purposes of this litigation, and shall not be used for any other purpose whatsoever, including, without limitation, any business purpose. This paragraph shall apply to all information designated by any party as "CONFIDENTIAL" whether obtained from the designating party, an independent source or any person or entity of any nature not a party to this litigation.

3. Except as expressly provided herein, information designated as "CONFIDENTIAL" shall not be disclosed, given, shown, copied, made available or communicated in any way, either directly or indirectly, to any person or entity with the exception of: (a) the parties; (b) the Designating Party; and (c) ATTORNEYS OF RECORD for the parties (as defined in Paragraph 4 below). If an ATTORNEY OF RECORD desires to give, show, make available or communicate Information designated as "CONFIDENTIAL" to any person other than those listed above in

Cooley Godward Kronish LLP
DRAFT
DATED: 8/24/07

Cooley Godward Kronish LLP
DRAFT
DATED 8/24/07

1    subparts (a) and (b) of this paragraph, then said attorney shall first disclose the identity of such

2    person to, and obtain the written consent of, the ATTORNEY OF RECORD for the Designating Party.

3    Such consent will not be withheld unreasonably.  Each person to whom the Information is to be

4    given, shown, made available or communicated, other than the Designating Party or ATTORNEYS

5    OF RECORD, must execute and deliver to the ATTORNEY OF RECORD for the Designating Party a

6    written instrument agreeing not to use or to disclose to anyone any of the contents of the

7    Information received and to be bound by the terms of this Order, in the form attached as

8    Exhibit A hereto ("Confidentiality Agreement").  Only after these conditions have been fully

9    satisfied may the Information be given, shown, made available or communicated to any person

10    other than the Designating Party or an ATTORNEY OF RECORD without further order of the court in

11    this action.

12        **4.**    As used herein, ATTORNEYS OF RECORD shall mean the Law Offices of Ira Leshin,

13    the law firm of Cooley Godward Kronish LLP, and the attorneys, paralegals, secretaries, and

14    support staff employed thereby, to the extent such individuals have a need to know the

15    information designated as "CONFIDENTIAL."

16        **5.**    A written file shall be maintained by the ATTORNEYS OF RECORD of all

17    Confidentiality Agreements signed by persons to whom information designated as

18    "CONFIDENTIAL" has been disclosed, given, shown, made available or communicated.  Said file

19    shall be made available for inspection and copying immediately upon request for such inspection

20    and copying by any ATTORNEY OF RECORD.

21        **6.**    Information shall be designated as "CONFIDENTIAL" by the placement of a stamp

22    or marking in those words on each page of the document containing the information being so

23    designated, or by similar means on non-documentary materials.

24        **7.**    Any party or non-party may designate excerpts and exhibits of a deposition

25    transcript as "CONFIDENTIAL" within ten (10) business days after receiving such transcript, upon

26    written notice to the non-designating ATTORNEYS OF RECORD and the court reporter who prepared

27    such transcript, and all ATTORNEYS OF RECORD shall treat each deposition transcript and/or

28    exhibit as "CONFIDENTIAL" during the 10-day review period.

8.    Any court reporter who transcribes testimony in this action that a party or non-party designates as "CONFIDENTIAL" (whether at a deposition or otherwise) shall agree that (a) all such testimony is and shall remain confidential and shall not be disclosed except to the ATTORNEYS OF RECORD and any other person who is present while such testimony is being given; and (b) copies of any transcript, exhibits, reporter's notes, or any other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter or shall be delivered to the ATTORNEY OF RECORD.

9.    The designation by counsel for the disclosing party, receiving party or non-party of any document, material or information as "CONFIDENTIAL" is intended solely to facilitate the preparation and trial of this case, and such designation shall not be construed in any way as an admission or agreement by any party that the designated disclosure constitutes or contains any trade secret or Confidential Information.

10.    Upon the final disposition of this action, each ATTORNEY OF RECORD shall promptly return, at the returning party's expense, to the party from whom it obtained all items marked "CONFIDENTIAL," all copies made thereof, and any and all non-privileged writings related thereto, including, but not limited to, notes, analyses, memoranda or reports; provided, however, that no party or ATTORNEY OF RECORD shall be required to return any document covered by the attorney-client privilege and/or attorney work product doctrine.

11.    If, subsequent to a party's receipt of information designated as "CONFIDENTIAL," such receiving party believes in good faith that any such information is not of a nature warranting the protection afforded hereunder, such party, after meeting and conferring with the designating party (or non-party), may bring on for determination a motion to challenge said designation.  In any such motion, the designating party shall have the burden of establishing that the designation at issue is appropriate.

12.    In the event that a producing party, receiving party or non-party inadvertently fails to designate any information as "CONFIDENTIAL" pursuant to paragraph 1 above, said party or non-party may later make such designation by written notice to the other parties within five (5) business days after the designating party's discovery of its failure to so designate.  The non-

Cooley Godward Kronish LLP
DRAFT
DATED: 8/24/07

1  designating parties shall take all necessary steps to ensure that the Confidential Information is

2  thereafter treated in accordance with the designation, and any such late designation shall not be

3  deemed a waiver of the confidential status of the information at issue.  No person or party shall

4  incur any liability hereunder with respect to any disclosure of Confidential Information that

5  occurred prior to such person or party's receipt of written notice of a belated designation.

6      **13.**    Upon the execution of this Stipulation by the parties, the parties shall have thirty

7  (30) days to designate as "CONFIDENTIAL" any Confidential Information that has been disclosed

8  or exchanged during this action prior to the execution of the Stipulated Protective Order,

9  including (without limitation) any documents that have already been produced.  The parties shall

10  also have thirty (30) days to re-designate documents produced prior to the execution of this

11  Stipulation.

12      **14.**    This Stipulated Protective Order shall be effective from the date executed by the

13  undersigned counsel.

14  Dated:   September ___, 2007                    LAW OFFICES OF IRA LESHIN

15

16                                                                    By: _____

17                                                                              Ira Leshin

                                                                       Attorney for Plaintiff ARIA RAZBAN

18

19  Dated:   September ___, 2007                    COOLEY GODWARD KRONISH LLP

20

21                                                                    By: _____

22                                                                          Gregory C. Tenhoff

                                                                       Attorneys for Defendants
23                                                                     VAXGEN, INC. and LISA BROOKS

24

25  IT IS SO ORDERED.

26  Dated: _____          _____

27                                                                  Honorable James Larson
    1052501 v1/SF                                               United States Magistrate Judge
28

Cooley Godward Kronish LLP
DRAFT
DATED: 8/24/07

**EXHIBIT A**

**Confidentiality Agreement**

I, _____, declare under penalty of perjury under the laws of the State of California that:

    1.    My address is _____

_____.

    2.    My present employer is _____

_____

_____.

    3.    My present occupation or job description is _____

_____

_____.

I HEREBY CERTIFY AND AGREE that I have read and understand the terms of the Protective Order in the matter of *Aria Razban v. VaxGen, Inc., et al.*, United States District Court for he Northern District of California, Case No. C 07-03136 JL ("Protective Order"); that I will not use or disclose any information or materials designated as "CONFIDENTIAL" pursuant to the Protective Order except as explicitly allowed by the Protective Order; and that I agree to be bound by the terms and conditions of the Protective Order.

I understand that I am to retain all copies of any of the materials that I receive that have been designated as "CONFIDENTIAL" in a container, cabinet, drawer, room or other safe place in a manner consistent with the Protective Order, and that all copies are to remain in my custody until I have completed my assigned or legal duties, whereupon the copies are to be returned as specified in the Protective Order.

I acknowledge that the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

Signed by: _____

Type or Print Name: _____

Dated: _____

Cooley Godward Kronish LLP
DRAFT
DATED 8/24/07

*EXHIBIT 2*

## Sween, Lisa Barnett

| | |
|---|---|
| **From:** | Sween, Lisa Barnett |
| **Sent:** | Tuesday, September 04, 2007 4:26 PM |
| **To:** | 'iraleshin@aol.com' |
| **Cc:** | Tenhoff, Gregory; Hoard, Eliza |
| **Subject:** | Razban v. VaxGen |

**Attachments:**     _20070824_162114.pdf



_20070824_162114
.pdf (797 KB)

Ira,
Per our discussion, a copy of the Greg Tenhoff's August 24 letter, which previously was sent to you by fax and mail, is attached.  You indicated you would like to push back some of the discovery deadlines.  Please send me your proposed revisions as soon as possible so that we can discuss and timely file the Rule 26(f) report tomorrow.

Also, please contact me at your earliest convenience to discuss the other matters raised in the August 24 letter, specifically the proposed protective order, deposition dates and whether your client intends to object to subpoenas directed at her former employers seeking the categories of documents described in the August 24 letter.

Thanks very much.

**Lisa Barnett Sween**
Cooley Godward Kronish LLP
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Direct: (415) 693-2131
Fax: (415) 693-2222

1

*EXHIBIT 3*

## Sween, Lisa Barnett

| | |
|---|---|
| **From:** | Sween, Lisa Barnett |
| **Sent:** | Wednesday, September 05, 2007 12:37 PM |
| **To:** | 'iraleshin@aol.com' |
| **Subject:** | FW: Razban v. VaxGen |

**Attachments:**     _20070824_162114.pdf

See below

| | |
|---|---|
| **From:** | Sween, Lisa Barnett |
| **Sent:** | Tuesday, September 04, 2007 4:26 PM |
| **To:** | 'iraleshin@aol.com' |
| **Cc:** | Tenhoff, Gregory; Hoard, Eliza |
| **Subject:** | Razban v. VaxGen |



_20070824_162114
    .pdf (797 KB)

Ira,
Per our discussion, a copy of the Greg Tenhoff's August 24 letter, which previously was sent to you by fax and mail, is attached. You indicated you would like to push back some of the discovery deadlines. Please send me your proposed revisions as soon as possible so that we can discuss and timely file the Rule 26(f) report tomorrow.

Also, please contact me at your earliest convenience to discuss the other matters raised in the August 24 letter, specifically the proposed protective order, deposition dates and whether your client intends to object to subpoenas directed at her former employers seeking the categories of documents described in the August 24 letter.

Thanks very much.

**Lisa Barnett Sween**
Cooley Godward Kronish LLP
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Direct: (415) 693-2131
Fax: (415) 693-2222

## Sween, Lisa Barnett

**From:**    Sween, Lisa Barnett
**Sent:**    Wednesday, September 05, 2007 12:36 PM
**To:**    'iraleshin@aol.com'
**Subject:** RE: Razban v. VaxGen

I sent it yesterday via email.

---

**From:** iraleshin@aol.com [mailto:iraleshin@aol.com]
**Sent:** Wednesday, September 05, 2007 12:25 PM
**To:** Sween, Lisa Barnett
**Subject:** Re: Razban v. VaxGen

Hello Lisa:

There is nothing attached for me to review.

Ira Leshin, Esq.
LAW OFFICES OF IRA LESHIN
220 Sansome Street, 6th Floor
San Francisco, CA 94104
415-398-3950

-----Original Message-----
From: Sween, Lisa Barnett <lsween@cooley.com>
To: iraleshin@aol.com
Cc: Eudaley, Kathy <keudaley@cooley.com>; Hoard, Eliza <ehoard@cooley.com>
Sent: Wed, 5 Sep 2007 10:55 am
Subject: Razban v. VaxGen

Ira,
Please provide any proposed revisions to the Rule 26(f) report as soon as possible so that we can meet the filing deadline today. Thanks
**Lisa Barnett Sween**
Cooley Godward Kronish LLP
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Direct: (415) 693-2131
Fax: (415) 693-2222

This email message is for the sole use of the intended recipient(s) and may contain

IRS Circular 230 disclosure:  To ensure compliance with requirements imposed by the