1  LAW OFFICES OF IRA LESHIN
   IRA LESHIN (139768)
2  200 Sansome Street, 6th Floor
   San Francisco, CA 94104
3  Telephone:     (415) 398-3950
   Facsimile:     (415) 398-1567
4
   Attorney for Plaintiff
5  ARIA RAZBAN

6  COOLEY GODWARD KRONISH LLP
   GREGORY C. TENHOFF (154553)
7  LISA BARNETT SWEEN (191155)
   ELIZA HOARD (238276)
8  Five Palo Alto Square
   3000 El Camino Real
9  Palo Alto, CA 94306-2155
   Telephone:     (650) 843-5000
10 Facsimile:     (650) 849-7400

11 Attorneys for Defendants
   VAXGEN, INC. and LISA BROOKS
12

13              UNITED STATES DISTRICT COURT

14             NORTHERN DISTRICT OF CALIFORNIA

15                 SAN FRANCISCO DIVISION

16

17 ARIA RAZBAN,                          No. C 07-03136 JL

18              Plaintiff,               **STIPULATION AND [PROPOSED]
                                         PROTECTIVE ORDER**
19        v.

20 VAXGEN, INC., a Delaware corporation,
   LISA BROOKS, and DOES 1 through 50,
21 inclusive,

22              Defendants.

23

24 ///

25 ///

26 ///

27 ///

28 ///

WHEREAS, in the course of this litigation, disclosure may be made of information that a party or non-party regards as confidential, trade secret, proprietary, personnel information and/or protected by a right to privacy (hereinafter collectively referred to as "Confidential Information"); and

WHEREAS, the parties desire to protect against the unauthorized use or disclosure of Confidential Information except as provided herein;

IT IS HEREBY STIPULATED by and between the parties hereto, through their respective counsel, that the following terms and conditions shall govern the disclosure of Confidential Information in this action:

1.    All originals and copies of all documents, materials, tangible things or other information or materials obtained in discovery or otherwise exchanged, disclosed or used herein that contain or refer to any Confidential Information, may be designated by the party or non-party producing, receiving or having an interest in the Confidential Information as "CONFIDENTIAL." Any party or non-party so designating Confidential Information (the "Designating Party") shall have a reasonable and good faith belief that the information so designated is Confidential Information and is properly subject to the designation.

2.    Any information designated as "CONFIDENTIAL," and all information derived therefrom, shall only be disclosed as provided in Paragraph 3 below, shall be used only for the purposes of this litigation, and shall not be used for any other purpose whatsoever, including, without limitation, any business purpose.   This paragraph shall apply to all information designated by any party as "CONFIDENTIAL" whether obtained from the designating party, an independent source or any person or entity of any nature not a party to this litigation.

3.    Except as expressly provided herein, information designated as "CONFIDENTIAL" shall not be disclosed, given, shown, copied, made available or communicated in any way, either directly or indirectly, to any person or entity with the exception of: (a) the parties; (b) the Designating Party; (c) ATTORNEYS OF RECORD for the parties (as defined in Paragraph 4 below); and (d) other individuals who are requested by an ATTORNEY OF RECORD to furnish technical or expert services in connection with this action or to give testimony in this action. If an ATTORNEY

OF RECORD desires to give, show, make available or communicate Information designated as "CONFIDENTIAL" to any person other than those listed above in subparts (a) – (d) of this paragraph, then said attorney shall first disclose the identity of such person to, and obtain the written consent of, the ATTORNEY OF RECORD for the Designating Party. Such consent will not be withheld unreasonably. Each person to whom the Information is to be given, shown, made available or communicated, other than the Designating Party, ATTORNEYS OF RECORD, or other individuals who are requested by an ATTORNEY OF RECORD to furnish technical or expert services, must execute and deliver to the ATTORNEY OF RECORD for the Designating Party a written instrument agreeing not to use or to disclose to anyone any of the contents of the Information received and to be bound by the terms of this Order, in the form attached as Exhibit A hereto ("Confidentiality Agreement"). Only after these conditions have been fully satisfied may the Information be given, shown, made available or communicated to any person other than any person listed above in subparts (a) – (d), without further order of the court in this action.

4.    As used herein, ATTORNEYS OF RECORD shall mean the Law Offices of Ira Leshin, the law firm of Cooley Godward Kronish LLP, and the attorneys, paralegals, secretaries, and support staff employed thereby, to the extent such individuals have a need to know the information designated as "CONFIDENTIAL."

5.    A written file shall be maintained by the ATTORNEYS OF RECORD of all Confidentiality Agreements signed by persons to whom information designated as "CONFIDENTIAL" has been disclosed, given, shown, made available or communicated. Said file shall be made available for inspection and copying immediately upon request for such inspection and copying by any ATTORNEY OF RECORD.

6.    Information shall be designated as "CONFIDENTIAL" by the placement of a stamp or marking in those words on each page of the document containing the information being so designated, or by similar means on non-documentary materials.

7.    Any party or non-party may designate excerpts and exhibits of a deposition transcript as "CONFIDENTIAL" within ten (10) business days after receiving such transcript, upon

1  written notice to the non-designating ATTORNEYS OF RECORD and the court reporter who prepared

2  such transcript, and all ATTORNEYS OF RECORD shall treat each deposition transcript and/or

3  exhibit as "CONFIDENTIAL" during the 10-day review period.

4      **8.**    Any court reporter who transcribes testimony in this action that a party or non-

5  party designates as "CONFIDENTIAL" (whether at a deposition or otherwise) shall agree that (a) all

6  such testimony is and shall remain confidential and shall not be disclosed except to the

7  ATTORNEYS OF RECORD and any other person who is present while such testimony is being given;

8  and (b) copies of any transcript, exhibits, reporter's notes, or any other transcription records of

9  any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter

10  or shall be delivered to the ATTORNEY OF RECORD.

11      **9.**    The designation by counsel for the disclosing party, receiving party or non-party of

12  any document, material or information as "CONFIDENTIAL" is intended solely to facilitate the

13  preparation and trial of this case, and such designation shall not be construed in any way as an

14  admission or agreement by any party that the designated disclosure constitutes or contains any

15  trade secret or Confidential Information.

16      **10.**    Upon the final disposition of this action, each ATTORNEY OF RECORD shall

17  promptly return, at the returning party's expense, to the party from whom it obtained all items

18  marked "CONFIDENTIAL," all copies made thereof, and any and all non-privileged writings related

19  thereto, including, but not limited to, notes, analyses, memoranda or reports; provided, however,

20  that no party or ATTORNEY OF RECORD shall be required to return any document covered by the

21  attorney-client privilege and/or attorney work product doctrine.

22      **11.**    If, subsequent to a party's receipt of information designated as "CONFIDENTIAL,"

23  such receiving party believes in good faith that any such information is not of a nature warranting

24  the protection afforded hereunder, such party, after meeting and conferring with the designating

25  party (or non-party), may bring on for determination a motion to challenge said designation. In

26  any such motion, the designating party shall have the burden of establishing that the designation

27  at issue is appropriate.

28      **12.**    In the event that a producing party, receiving party or non-party inadvertently fails

to designate any information as "CONFIDENTIAL" pursuant to paragraph 1 above, said party or non-party may later make such designation by written notice to the other parties within five (5) business days after the designating party's discovery of its failure to so designate. The non-designating parties shall take all necessary steps to ensure that the Confidential Information is thereafter treated in accordance with the designation, and any such late designation shall not be deemed a waiver of the confidential status of the information at issue. No person or party shall incur any liability hereunder with respect to any disclosure of Confidential Information that occurred prior to such person or party's receipt of written notice of a belated designation.

13.    Upon the execution of this Stipulation by the parties, the parties shall have thirty (30) days to designate as "CONFIDENTIAL" any Confidential Information that has been disclosed or exchanged during this action prior to the execution of the Stipulated Protective Order, including (without limitation) any documents that have already been produced. The parties shall also have thirty (30) days to re-designate documents produced prior to the execution of this Stipulation.

///
///
///
///
///
///
///
///
///
///
///
///
///
///

1    **14.**    This Stipulated Protective Order shall be effective from the date executed by the

2    undersigned counsel.

3    Dated:  October 10, 2007                LAW OFFICES OF IRA LESHIN

4

5                                            By:  _____

6                                                         Ira Leshin

7                                            Attorney for Plaintiff ARIA RAZBAN

8

9    Dated:  October 10, 2007                COOLEY GODWARD KRONISH LLP

10

11                                           By:  _____

                                                      Gregory C. Tenhoff

12                                           Attorneys for Defendants

13                                           VAXGEN, INC. and LISA BROOKS

14

15    **IT IS SO ORDERED.**                  _____
            October 11, 2007
16    Dated:  _____

17                                           Honorable James Larson
                                             United States Magistrate Judge
18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**Confidentiality Agreement**

I, _____, declare under penalty of perjury under the laws of the State of California that:

    1.    My address is _____ _____.

    2.    My present employer is _____ _____ _____.

    3.    My present occupation or job description is _____ _____ _____.

I HEREBY CERTIFY AND AGREE that I have read and understand the terms of the Protective Order in the matter of *Aria Razban v. VaxGen, Inc., et al.*, United States District Court for he Northern District of California, Case No. C 07-03136 JL ("Protective Order"); that I will not use or disclose any information or materials designated as "CONFIDENTIAL" pursuant to the Protective Order except as explicitly allowed by the Protective Order; and that I agree to be bound by the terms and conditions of the Protective Order.

I understand that I am to retain all copies of any of the materials that I receive that have been designated as "CONFIDENTIAL" in a container, cabinet, drawer, room or other safe place in a manner consistent with the Protective Order, and that all copies are to remain in my custody until I have completed my assigned or legal duties, whereupon the copies are to be returned as specified in the Protective Order.

I acknowledge that the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

Signed by: _____

Type or Print Name: _____

Dated: _____