COOLEY GODWARD KRONISH LLP
GREGORY C. TENHOFF (154553)
LISA BARNETT SWEEN (191155)
ELIZA HOARD (238276)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA  94306-2155
Telephone:    (650) 843-5000
Facsimile:    (650) 849-7400

Attorneys for Defendants
VAXGEN, INC. and LISA BROOKS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARIA RAZBAN,<br><br>             Plaintiff,<br><br>    v.<br><br>VAXGEN, INC., a Delaware corporation, LISA BROOKS, and DOES 1 through 50, inclusive,<br><br>             Defendants. | No. C 07-03136 JL<br><br>**DEFENDANTS VAXGEN, INC. AND LISA BROOKS' NOTICE OF UNOPPOSED MOTION TO COMPEL INDEPENDENT MENTAL EXAMINATION OF PLAINTIFF ARIA RAZBAN PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 35**<br><br>Complaint Filed:      January 19, 2007<br>First Am. Complt. Filed:  May 16, 2007<br>First Am. Complt. Served: June 1, 2007<br>Trial Date:                Not Yet Set |

**TO PLAINTIFF ARIA RAZBAN AND TO HER ATTORNEY OF RECORD:**

      **PLEASE TAKE NOTICE** that Defendants VaxGen, Inc. ("VaxGen") and Lisa Brooks (collectively, "Defendants") hereby move the Court, unopposed, for an Order to compel Plaintiff Aria Razban ("Plaintiff") to submit to, cooperate with, and complete an independent mental examination ("IME") pursuant to Rule 35 of the Federal Rules of Civil Procedure.

      In this lawsuit, Plaintiff seeks to recover significant damages for her alleged severe, ongoing emotional distress, which she claims was, and continues to be, caused by Defendants' alleged conduct leading up to and including her termination of employment from VaxGen. In addition, Plaintiff alleges that while employed by VaxGen, she was harassed and discriminated

against on the basis of her alleged mental disabilities, including post traumatic stress disorder and depression. Plaintiff further claims that Defendants' alleged conduct "worsened" these alleged mental disabilities. Thus, by Plaintiff's own allegations, she has squarely placed her mental condition, both during and after her employment, "in controversy."

Good cause exists to permit a mental examination of Plaintiff because she has, by her allegations of pre-existing mental condition and on-going severe emotional distress, put her mental condition in controversy. If Defendants are deprived of the opportunity to explore the cause, nature and extent of Plaintiff's alleged mental disabilities and emotional distress, which she claims she has suffered and continues to suffer as a result of her employment with VaxGen, Defendants will not be able to determine the extent to which those alleged damages may be attributable to other pre-existing and/or concurrent factors, nor will they be able to determine the extent of such alleged injuries. Defendants are clearly entitled to conduct an IME of Plaintiff under these circumstances.

The IME will consist of two parts. The first examination will be performed by Dr. Dale McNiel, or another qualified psychologist appointed by the Court, and the second examination will be performed by Dr. Renee L. Binder, or another qualified psychiatrist appointed by the Court.

This unopposed motion is based upon this Notice of Hearing; the Memorandum of Points and Authorities and Declarations in support thereof; the Stipulation and Order reflecting Plaintiff's non-opposition to an IME; all pleadings, papers and records on file in this action; and such further evidence and argument that this Court may consider.

Dated: April 9, 2008

COOLEY GODWARD KRONISH LLP

By: _____
Lisa Barnett Sween

Attorneys for Defendants
VAXGEN, INC. and LISA BROOKS

1080831/SF