1  COOLEY GODWARD KRONISH LLP
   GREGORY C. TENHOFF (154553)
2  LISA BARNETT SWEEN (191155)
   ELIZA HOARD (238276)
3  Five Palo Alto Square
   3000 El Camino Real
4  Palo Alto, CA  94306-2155
   Telephone:    (650) 843-5000
5  Facsimile:    (650) 849-7400

6  Attorneys for Defendants
   VAXGEN, INC. and LISA BROOKS
7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10               SAN FRANCISCO DIVISION

11  ARIA RAZBAN,                        No. C 07-03136 JL

12          Plaintiff,                  **DECLARATION OF LISA BARNETT SWEEN
                                        IN SUPPORT OF DEFENDANTS VAXGEN,
13      v.                              INC. AND LISA BROOKS' UNOPPOSED
                                        MOTION TO COMPEL INDEPENDENT
14  VAXGEN, INC., a Delaware corporation, MENTAL EXAMINATION OF PLAINTIFF
    LISA BROOKS, and DOES 1 through 50, ARIA RAZBAN PURSUANT TO FEDERAL
15  inclusive,                          RULE OF CIVIL PROCEDURE 35**

16          Defendants.                 Complaint Filed:      January 19, 2007
                                        First Am. Complt. Filed:   May 16, 2007
17                                      First Am. Complt. Served:  June 1, 2007
                                        Trial Date:           Not Yet Set
18

19

20      I, Lisa Barnett Sween, declare:

21      **1.**     I am an attorney licensed to practice law in the State of California.  I am Special

22  Counsel for the firm of Cooley Godward Kronish LLP, attorneys of record for Defendants

23  VaxGen, Inc. and Lisa Brooks (collectively, "Defendants").  I have personal knowledge of the

24  facts contained in this declaration and could and would testify competently to the same if called

25  as a witness.

26      **2.**     I am one of the attorneys at my firm working on the case entitled *Aria Razban v.*

27  *VaxGen, Inc., et. al*, Case No. C 07-03136 JL, pending before this Court.  I submit this

28

1  declaration in support of the Defendants' unopposed motion to compel Plaintiff Aria Razban

2  ("Plaintiff") to submit to, cooperate with, and complete an independent mental examination

3  ("IME") pursuant to Rule 35 of the Federal Rules of Civil Procedure.

4      **3.**    Attached hereto as **Exhibit A** is a true and correct copy of the Amended

5  Complaint filed in this action on or about May 16, 2007.

6      **4.**    Attached hereto as **Exhibit B** is a true and correct copy of Plaintiff Aria Razban's

7  Initial Disclosures as served upon my office on September 13, 2007.

8      **5.**    On November 19, 2007, Gregory C. Tenhoff, a partner in my firm, took the

9  deposition of Plaintiff in this matter.  Attached hereto as **Exhibit C** is a true and correct copy of a

10  relevant excerpt from that deposition transcript as provided to my office by the reporter who

11  transcribed the deposition session.

12      **6.**    Attached hereto as **Exhibit D** is a true and correct copy of a doctor's note dated

13  December 7, 2007 that my office received from Plaintiff in response to Defendant VaxGen, Inc.'s

14  First Set of Requests for Production of Documents to Plaintiff Aria Razban.

15      **7.**    Attached hereto as **Exhibit E** is a true and correct copy of a facsimile cover sheet

16  dated March 25, 2008 my office received from Plaintiff, which enclosed a doctor's note dated

17  March 17, 2008 regarding her request to continue the upcoming sessions of her deposition and the

18  parties' Early Neutral Evaluation due to medical reasons.

19      **8.**    On, January 16, 2008, Mr. Tenhoff took the continued deposition of Plaintiff in

20  this matter.  Attached hereto as **Exhibit F** is a true and correct copy of a relevant excerpt from

21  that deposition transcript as provided to my office by the reporter who transcribed the deposition

22  session.

23      **9.**    Good cause exists for compelling the IME given that Defendants cannot

24  meaningfully prepare a defense to Plaintiff's emotional distress claims in the absence of an IME.

25  Without an IME, Defendants have no way to investigate and test the truthfulness of Plaintiff's

26  claims of severe and ongoing mental distress, for which she is currently seeking treatment, or to

27  explore the appropriateness and effectiveness of her current treatment regimen.

28

1    **10.**    On March 12, 2008, Ira Leshin, counsel for Plaintiff, signed a stipulation not to

2    oppose Defendants' motion to compel Plaintiff to submit to an IME.  A true and correct copy of

3    the Court's March 20, 2008 Order accompanying the parties' stipulation is attached hereto as

4    **Exhibit G**.

5    I declare under the penalty of perjury under the laws of the State of California that the

6    foregoing is true and correct.

7    Executed this ____ day of April, 2008 in San Francisco, California.

8

9    Lisa Barnett Sween

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    1080840/SF

28

**EXHIBIT A**

1  | Ira Leshin, State Bar No. 139768
   | LAW OFFICES OF IRA LESHIN
2  | 220 Sansome Street, Sixth Floor
   | San Francisco, CA 94104
3  | Tel: (415) 398-3950
   | Fax: (415) 398-1567
4  |
   | Attorney for Plaintiff
5  | Aria Razban

6

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           IN AND FOR THE COUNTY OF SAN MATEO - Unlimited Jurisdiction

10

11 | ARIA RAZBAN, an individual,                ) **CASE NO.: CIV 460333**
                                               )
12 |              Plaintiff,                    ) **FIRST AMENDED COMPLAINT FOR**
                                               ) **DAMAGES**
13 |                                            )
   |    vs.                                     )
14 |                                            ) ─────────────────────────
                                               )
15 | VAXGEN, INC. a Delaware Corporation.       ) 1. Violation of Fair Employment and
   | LISA BROOKS, and DOES 1 through 50,        )    Housing Act Gov't Code § 12940
16 | inclusive.                                 )    (FEHA) - Discrimination
                                               ) 2. Violation of FEHA - Retaliation
17 |           Defendants.                      ) 3. Violation of FEHA - Harassment
                                               ) 4. Retaliation in Violation of Labor
18 |                                            )    Code
                                               )    § 98.6 and § 1102.5
19 |                                            ) 5. Violation of FMLA & CFRA
                                               ) 6. Wrongful Termination in Violation of
20 |                                            )    Public Policy
                                               ) 7. Intentional Infliction of ED
21 |                                            ) 8. Negligent Infliction of ED

22

23 |          Plaintiff, ARIA RAZBAN, alleges as follows:

24 |                       **PARTIES AND BACKGROUND FACTS**

25 |          1. At all relevant times mentioned herein, Plaintiff ARIA RAZBAN (hereinafter

26 | "Plaintiff") was and is an individual who resides in the County of San Francisco.

27

28

---

FIRST AMENDED COMPLAINT FOR DAMAGES                    EXHIBIT " A "    1

1       2. Plaintiff is informed and believes and thereon alleges that Defendant,

2   VAXGEN, INC., is a Delaware corporation, actually doing business in the City and

3   County of San Mateo, State of California (hereinafter "Defendant VAXGEN").

4       3. Plaintiff is informed and believes and thereon alleges that Defendant, Lisa

5   Brooks, performs services for Defendant VAXGEN as a manager and in programming

6   and was the supervising manager to whom Plaintiff reported. At all times mentioned

7   herein, Defendant BROOKS, was acting within the course and scope of her

8   employment as an agent of Defendant VAXGEN.

9       4. Plaintiff is ignorant of the true names and capacities of Defendants sued

10  herein as DOES 1 to 50, inclusive, and therefore sues these Defendants by fictitious

11  names. Plaintiff is informed and believes and on that basis alleges that each of these

12  fictitiously named Defendants is responsible in some way for the occurrences alleged in

13  this Complaint and that Plaintiff's damages as alleged in this Complaint were

14  proximately caused by those Defendants. Plaintiff will amend this complaint to allege

15  their true names and capacities when ascertained. Plaintiff is informed and believes

16  and thereon alleges that each of the fictitiously named Defendants is legally responsible

17  in some manner for the events and occurrences herein alleged, and that Plaintiff's

18  damages as herein alleged were proximately and directly caused by their conduct.

19      5. Plaintiff is informed and believes and thereon alleges that at all times

20  mentioned herein, each Defendant was the partner, joint venturer, alter ego, general

21  agent, servant or employee of the other Defendants and each of them, and in

22  committing the acts or omissions herein mentioned was acting within the course and

23  scope of said agency, servitude, joint venture, joint enterprise, partnership and

24  employment. At all times mentioned herein, each Defendant was charged with and

25  bound by the knowledge and information received by and on behalf of each of the other

26  Defendants. All the acts of the Defendants, and each of them, were ratified and

27  adopted by the acts of the other Defendants and each of them.

28

FIRST AMENDED COMPLAINT FOR DAMAGES                  2

1    6. The relief sought in this complaint is within the jurisdiction of the Superior

2    Court because Plaintiff is seeking damages in excess of $25,000.

3    7. Starting on April 12, 2004 and at all relevant times mentioned herein, Plaintiff

4    was employed by Defendant VAXGEN as a Programmer Analyst II working at the

5    VaxGen offices located at 1000 Marina Blvd., Brisbane, California.

6    8. In August of 2004, Plaintiff's mother died following a long and hard battle with

7    cancer. Soon thereafter, Plaintiff started to suffer from post traumatic stress disorder

8    (hereinafter referred to as PTSD) as well as thyroid problems. Plaintiff's manager,

9    Defendant BROOKS, noticed Plaintiff's grief and advised her to start seeing a

10   counselor. In or about early September of 2004, Plaintiff saw a counselor, Dr. Brown,

11   who was recommended by someone in the Employee Assistant program at Defendant

12   VAXGEN. Dr. Brown referred Plaintiff to a Dr. Young who examined Plaintiff and

13   diagnosed her with an abnormal thyroid condition, PTSD and depression and he

14   prescribed medications for these conditions.

15   9. In or about September 2004 Plaintiff noticed that the analysis of the data that

16   she was working on for Defendant VAXGEN was either inaccurate, incomplete,

17   unverified and therefore untrustworthy. Plaintiff also discovered that the software

18   programs purchased by VAXGEN to be used by Defendant to genetically engineer the

19   next generation of the anthrax vaccine had multiple flaws or "bugs" with the program.

20   At that time, Defendant VAXGEN had previously entered into an $877 million dollar

21   contract with the U.S. Federal Government, Department of Health and Human Services

22   to produce the next generation of anthrax vaccines within a strict contractual deadline.

23   Almost immediately upon her discovery of the problems with the data and the software

24   program, Plaintiff notified Defendant BROOKS and Defendant VAXGEN of these

25   issues.

26   10. Beginning in October 2004, Defendants BROOKS and VAXGEN began to

27   harass Plaintiff by not allowing her to take time off from work to see her doctors. In

28   order to see her doctors for treatment, Plaintiff had to schedule her appointments after

FIRST AMENDED COMPLAINT FOR DAMAGES                                    3

1  6:00 p.m. which was not always available to Plaintiff.   Furthermore, Defendant

2  BROOKS maliciously and intentionally started to shout at Plaintiff while at work for

3  trivial and/or non-existent matters, and gave Plaintiff unreasonable deadlines and

4  assignments with the intention of causing Plaintiff to fail at her job.  Defendant

5  BROOKS also intentionally provided erroneous information to Plaintiff regarding

6  projects in an effort to sabotage Plaintiff's work at the company and to make her look

7  bad in front of the other employees and management.  Defendant BROOKS verbally

8  abused Plaintiff, harassed her and treated Plaintiff differently than the other

9  programmer employees at VaxGen in retaliation for Plaintiff's complaints and

10 discoveries about the flaws and problems with the analysis data and software being

11 used by Defendant VAXGEN.

12       11.  In spite of all the harassment and inappropriate conduct by Defendants,

13 Plaintiff continued to do her job and did it well.  Plaintiff received high marks on

14 performance evaluations and received a salary increase on January 1, 2005.

15       12.  On or about January 14, 2005, at a meeting with the CEO of Defendant

16 VAXGEN, Lance Gordon, along with 10 other VAXGEN employees, Plaintiff again

17 notified Defendants that there were serious problems with the analysis data that she

18 was working with and further advised everyone at the meeting that VaxGen would not

19 pass the FDA's audits due to the fact that the analysis data was not properly or ethically

20 handled, verified or tested.

21       13.  On or about January 15, 2005, Plaintiff filed a complaint with the Human

22 Resources Department at VaxGen based upon the hostile work environment created by

23 Defendant BROOKS.  In the complaint, Plaintiff complained that she was not allowed

24 by Lisa Brooks to take time off work to see a doctor.  Furthermore, Plaintiff stated in her

25 complaints to HR that there were problems with data and the software that was used to

26 analyze the data pertaining to the Anthrax vaccine clinical trials.  The HR advised

27

28

FIRST AMENDED COMPLAINT FOR DAMAGES                                        4

1 | Plaintiff that she had valid complaints against BROOKS and that HR would talk to Ms.

2 | Brooks about changing her treatment of Plaintiff at work.

3 |     14. On January 20, 2005, the retaliation and harassment of Plaintiff became

4 | more severe, worsening Plaintiff's depression and PTSD disorder. Plaintiff was not

5 | allowed to go to the doctor during work hours. Defendants BROOKS and VAXGEN

6 | retaliated against Plaintiff due to her disability and because of Plaintiff's continued

7 | complaints about the work they were doing at VaxGen regarding the data and software

8 | issues. Starting in January 2005, after the meeting with the CEO of VaxGen described

9 | herein above, Defendant BROOKS refused Plaintiff's requests to allow her to work from

10 | home, while other employees were allowed to work at home. Defendant BROOKS also

11 | repeatedly invaded Plaintiff's privacy by inappropriately asking Plaintiff many personal

12 | questions about what doctors she was seeing and what medications she was taking.

13 | Defendants' conduct as described herein was in violation of Americans with Disability

14 | Act (hereinafter ADA) rules requiring Defendant to provide Plaintiff with reasonable

15 | accommodation for an individual with a disability. Plaintiff met the ADA's definition of

16 | disability, since her doctors, including a doctor assigned to her from VaxGen, diagnosed

17 | her with PTSD, depression and an abnormal thyroid condition. Plaintiff had a physical

18 | and/or mental impairment that substantially limited one or more of her major life

19 | activities. Plaintiff also had a record of these impairments and she was regarded as

20 | having said impairments by others. Defendant VaxGen further violated the ADA

21 | regulations prohibiting retaliation against an individual with a disability by illegal work

22 | conditions. None of the stated work conditions were imposed on other employees

23 | except Plaintiff; therefore, making Plaintiff a victim of retaliation and discrimination.

24 |     15. Because of Defendants unreasonable deadlines and work schedule,

25 | harassment and retaliation described herein, Plaintiff's medical condition became worse

26 | causing among other things, rapid weight gain, crying at work, and severe emotional

27 | distress for Plaintiff. Instead of providing a safe environment for Plaintiff to work in,

28 |

FIRST AMENDED COMPLAINT FOR DAMAGES          5

1    Defendants VAXGEN and BROOKS, maliciously increased the pressure on her in order
2    to make Plaintiff breakdown and either quit her job or go on medical leave.
3        16.    On February 1, 2005, Plaintiff again notified appropriate individuals at
4    Defendant VAXGEN that they were not following FDA's regulations regarding analyzing
5    the critical data associated with the anthrax vaccines.  Plaintiff also contacted
6    authorities outside VaxGen to report what was happening with the anthrax vaccines
7    which had gained public attention in the news at that time.
8        17.    On February 7, 2005, Defendant BROOKS placed Plaintiff on probation
9    for no apparent reason and without justification.  Plaintiff is ordered by BROOKS to
10   finish 7 programs in a month (an unreasonable task which no other programmer at
11   VAXGEN had to accomplish) in order for Plaintiff to be taken off her probation.
12       18.    On February 7, 2005, Plaintiff asked Defendant VAXGEN's management,
13   Mike Lock, if she could report to another manager instead of Lisa Brooks, because the
14   harassment caused by Defendant BROOKS was causing Plaintiff's medical condition to
15   become worse.  Plaintiff's request was denied without reason, consideration or
16   explanation.
17       19.    In just 5 days, on February 12, 2005, Plaintiff had finished 6 of the 7
18   programs that she was ordered to complete by BROOKS.  Plaintiff then asked
19   BROOKS if she would lift the probation against her but BROOKS stubbornly and
20   maliciously refused.
21       20.    On February 14, 2005, due to the enormous pressures imposed on
22   Plaintiff by Defendants VAXGEN and BROOKS and at the advice of her doctor, Plaintiff
23   had to stop working due to her increasing disabilities and she was placed on medical
24   leave.
25       21.    On March 11, 2005, Defendant VAXGEN sent Plaintiff a letter stating
26   among other things that Defendant VAXGEN **"may"** terminate Plaintiff if she did not
27   return to work by April 11, 2005.
28

1    22.    On April 8, 2005, Plaintiff advised Defendant that she would return to work
2    shortly after April 11, 2005, as soon as her doctors first reviewed some medical tests
3    and cleared her for work.  Plaintiff heard nothing from Defendants in response to her
4    April 8th communication.

5    23.    On April 12, 2005, Plaintiff had been employed for Defendant VAXGEN
6    for 1 year and therefore she became eligible for certain benefits that accrued and/or
7    vested in Plaintiff, including but not limited to stock option benefits.  Plaintiff was also
8    entitled to the protections under VaxGen's Family and Medical Leave of Absence, the
9    federal Family and Medical Leave Act (hereinafter FMLA), and the California Family
10    Rights Act (hereinafter CFRA).  Plaintiff qualified for the leave under these Acts
11    because she was employed for Defendant VAXGEN for at least 12 months and/or she
12    worked at least 1,250 hours in a 12-month period.

13    24.    On April 13, 2005, Defendant VAXGEN sent Plaintiff an email indicating
14    that her employment was terminated.

15    25.    On April 13, 2005, Plaintiff immediately emailed VaxGen back explaining
16    that she will come back to work in a couple of days after the results of her medical tests
17    are reviewed by her doctor.  Plaintiff requested a reasonable accommodation from
18    Defendant for a couple of more days of medical leave.  On April 15, 2005, Defendant
19    advised Plaintiff of their refusal to make any accommodation for Plaintiff and VaxGen
20    proceeded to terminate her employment.  No undue hardship was created on
21    Defendants by Plaintiff's request for a few more days of medical leave before returning
22    back to work.  Defendants' refusal of Plaintiff's simple request for a few days more of
23    medical leave was unreasonable and in violation of the ADA, FMLA and the CFRA.

24    26.  As a result of Defendants' actions as alleged above, Plaintiff was wrongfully
25    terminated from her employment with Defendant VAXGEN on or after April 13, 2005.
26    Plaintiff suffered extreme emotional distress, shock, humiliation, anxiety, nervousness,
27    and depression as a result of Defendants outrageous, malicious and intentional conduct
28

1   which constitutes serious violations of ADA, FMLA, CFRA, the Fair Employment and

2   Housing Act (hereinafter referred to as FEHA) and public policy. Plaintiff's health was

3   impaired to the point where she was partially disabled physically and mentally as a

4   result of Defendants' actions. In spite of Plaintiff's repeated requests, Defendants

5   refused to provide any reasonable work accommodations for Plaintiff's disabilities, but

6   instead made her working conditions so onerous as to force her to take leave of her job.

7       27. Plaintiff's damages include: unpaid compensation in the amount in excess of

8   $150,000.00, plus prejudgment interest. Economic losses due to Plaintiff's retaliation,

9   wrongful termination and constructive discharge, including front pay and back pay.

10  Mental and emotional distress which has interfered with Plaintiff's ability to lead a

11  normal life. The monetary value of these damages is believed to be well in excess of

12  $500,000.00. Plaintiff is entitled to recover attorney's fees and costs of litigation. In

13  addition, the egregious facts and circumstances of this case entitle Plaintiff to punitive

14  damages.

15              **FIRST CAUSE OF ACTION**

16  **(Violation of Fair Employment and Housing Act, Govt. Code § 12940 et seq.)**
    **(Discrimination -- Against Defendant VAXGEN)**

17      28. Plaintiff hereby realleges and incorporates by reference Paragraphs 1

18  through 27, inclusive, of the Complaint, as though set forth in full herein.

19      29. This action is brought pursuant to the California Fair Employment and

20  Housing Act, Government Code section 12900 et seq. and the corresponding

21  regulations of the California Fair Employment and Housing Act.

22      30. At all relevant times, Defendant VAXGEN regularly employed five or more

23  persons, bringing Defendant within the provisions of section 12900 et seq. of the

24  Government Code, prohibiting employers or their agents from discriminating against,

25  retaliating against, harassing and failing to provide reasonable accommodations to

26  employees on the basis of physical or mental disability, or to retaliate against

27  employees for complaining about public policy violations.

28

FIRST AMENDED COMPLAINT FOR DAMAGES                                          8

1    31. On or about January 19, 2006, Plaintiff filed charges of discrimination,

2    harassment and retaliation against Defendants VAXGEN and BROOKS with the

3    California Department of Fair Employment and Housing (hereinafter "DFEH"). The

4    DFEH issued a Right-To-Sue Notice on January 20, 2006.

5    32. Defendants' discriminatory practices, retaliation, harassment, wrongful

6    termination and failure to provide reasonable accommodations, as well as failure to

7    provide family and medical leave, detailed above, constitute actionable violations of the

8    California Fair Employment and Housing Act, Government Code sections 12900 et seq.

9    33. Defendants discriminated against, retaliated against and harassed Plaintiff

10   because of her physical and mental disabilities, and her complaints about the faulty

11   data and software being used by Defendant VAXGEN in the making of the next

12   generation of the anthrax vaccine intended to be used for the common good of the

13   general public. Plaintiff has suffered the effects of verbal harassment, professional

14   injury to her reputation and career and loss of recognition.

15   34. As a consequence of Defendants actions, Plaintiff has suffered damages in

16   an amount to be determined according to proof, and as described in Paragraph 27,

17   above.

18   **SECOND CAUSE OF ACTION**

19   **(Violation of Fair Employment and Housing Act, Govt. Code § 12940 et seq.)**
     **(Retaliation -- Against All Defendants)**

20

21   35. Plaintiff hereby realleges and incorporates by reference Paragraphs 1

22   through 27, inclusive, of the Complaint, as though set forth in full herein.

23   36. This action is brought pursuant to the California Fair Employment and

24   Housing Act, Government Code section 12900 et seq. and the corresponding

25   regulations of the California Fair Employment and Housing Act.

26   37. At all relevant times, Defendant VAXGEN regularly employed five or more

27   persons, bringing Defendant within the provisions of section 12900 et seq. of the

28   Government Code, prohibiting employers or their agents from discriminating against,

FIRST AMENDED COMPLAINT FOR DAMAGES                                          9

1  retaliating against, harassing and failing to provide reasonable accommodations to

2  employees on the basis of physical or mental disability, or to retaliate against

3  employees for complaining about public policy violations.

4       38.  On or about January 19, 2006, Plaintiff filed charges of discrimination,

5  harassment and retaliation against Defendants VAXGEN and BROOKS with the DFEH.

6  The DFEH issued a Right-To-Sue Notice on January 20, 2006.

7       39.  Defendants' discriminatory practices, retaliation, harassment, wrongful

8  termination and failure to provide reasonable accommodations, as well as failure to

9  provide family and medical leave, detailed above, constitute actionable violations of the

10  California Fair Employment and Housing Act, Government Code sections 12900 et seq.

11       40.  Defendants discriminated against, retaliated against and harassed Plaintiff

12  because of her physical and mental disabilities, and her complaints about the faulty

13  data and software being used by Defendant VAXGEN in the making of the next

14  generation of the anthrax vaccine intended to be used for the common good of the

15  general public.  Plaintiff has suffered the effects of verbal harassment, professional

16  injury to her reputation and career and loss of recognition.

17       41.  As a consequence of Defendants actions, Plaintiff has suffered damages in

18  an amount to be determined according to proof, and as described in Paragraph 27,

19  above.

20                    **THIRD CAUSE OF ACTION**

21  **(Violation of Fair Employment and Housing Act, Govt. Code § 12940 et seq.)**
    **(Harassment -- Against All Defendants)**

22       42.  Plaintiff hereby realleges and incorporates by reference Paragraphs 1

23  through 27, inclusive, of the Complaint, as though set forth in full herein.

24       43.  This action is brought pursuant to the California Fair Employment and

25  Housing Act, Government Code section 12900 et seq. and the corresponding

26  regulations of the California Fair Employment and Housing Act.

27

28

FIRST AMENDED COMPLAINT FOR DAMAGES                                        10

44.  At all relevant times, Defendant VAXGEN regularly employed five or more persons, bringing Defendant within the provisions of section 12900 et seq. of the Government Code, prohibiting employers or their agents from discriminating against, retaliating against, harassing and failing to provide reasonable accommodations to employees on the basis of physical or mental disability, or to retaliate against employees for complaining about public policy violations.

45.  On or about January 19, 2006, Plaintiff filed charges of discrimination, harassment and retaliation against Defendants VAXGEN and BROOKS with the DFEH. The DFEH issued a Right-To-Sue Notice on January 20, 2006.

46.  Defendants' discriminatory practices, retaliation, harassment, wrongful termination and failure to provide reasonable accommodations, as well as failure to provide family and medical leave, detailed above, constitute actionable violations of the California Fair Employment and Housing Act, Government Code sections 12900 et seq.

47.  Defendants discriminated against, retaliated against and harassed Plaintiff because of her physical and mental disabilities, and her complaints about the faulty data and software being used by Defendant VAXGEN in the making of the next generation of the anthrax vaccine intended to be used for the common good of the general public.  Plaintiff has suffered the effects of verbal harassment, professional injury to her reputation and career and loss of recognition.

48.  As a consequence of Defendants actions, Plaintiff has suffered damages in an amount to be determined according to proof, and as described in Paragraph 27, above.

**FOURTH CAUSE OF ACTION**
**(Violations of the Federal Family and Medical Leave Act and the**
**California Family Rights Act)**
**(Against Defendant VAXGEN)**

49.  Plaintiff hereby realleges and incorporates by reference Paragraphs 1 through 27, inclusive, of the Complaint, as though set forth in full herein.

FIRST AMENDED COMPLAINT FOR DAMAGES                                      11

1    50. As a matter of public policy, employers should not subject employees to

2    retaliation for reporting errors in their work that could affect the general welfare and

3    safety of the people of the United States. Defendants' actions as alleged above

4    rendered the working environment so intolerable as to cause Plaintiff to go on medical

5    leave and thereafter Defendant wrongfully terminated Plaintiff in retaliation for her

6    complaints about the way that Defendant VAXGEN was making new anthrax vaccines

7    to be used for the benefit of the general public. Defendant also retaliated and

8    discriminated against Plaintiff by refusing to make a reasonable accommodation for

9    Plaintiff who requested a few more days of medical leave before returning back to work.

10    51. As a consequence of Defendants' actions, Plaintiff has suffered damages in

11    an amount to be determined according to proof, and as described in Paragraph 27,

12    above.

13                            **FIFTH CAUSE OF ACTION**
                **(Violation of California Labor Code §§ 98.6 and 1102.5)**
14               **(California Whistleblower Protection Act)**
                       **(Against Defendant VAXGEN)**
15
16    52. Plaintiff hereby realleges and incorporates by reference Paragraphs 1

17    through 27, inclusive, of the Complaint, as though set forth in full herein.

18    53. Plaintiff had a statutory right pursuant to California Labor Code sections

19    1102.5(a-d) to be free from authorities and agents of the Defendant VAXGEN, including

20    but not limited to Lisa Brooks, using their official authority and influence for the purpose

21    of intimidating or threatening Plaintiff for disclosing or complaining about information

22    protected by California Labor Code section 1102.5 including complaints about

23    unreliable and faulty data and defective software programs where the Plaintiff had

24    reasonable cause to believe that the information about these problems with the

25    VAXGEN work on the anthrax vaccine would disclose a violation of state or federal

26    statute, or a violation or noncompliance with a state or federal rule or regulation.

27    Defendants conduct as alleged herein above violated Labor Code Section 1102.5(a-d)

28    because they retaliated against Plaintiff for refusing to participate in an activity that

FIRST AMENDED COMPLAINT FOR DAMAGES                                        12

1  would result in a violation of state or federal statute, or a violation or noncompliance

2  with a state or federal rule or regulation.

3      54.  As a proximate result, Defendants are liable for the civil damages incurred

4  by Plaintiff including but not limited to emotional distress damages for the severe and

5  continuing emotional distress she has suffered as a result, and other damages as set

6  forth in Paragraph 27 above.

7                            **SIXTH CAUSE OF ACTION**
                   **(Wrongful Termination in Violation of Public Policy)**
8                        **(Against Defendant VAXGEN)**

9      55.  Plaintiff hereby realleges and incorporates by reference Paragraphs 1

10  through 54, inclusive, of the Complaint, as though set forth in full herein.

11      56.  As a matter of public policy, employers should not subject employees to

12  retaliation for reporting errors in their work that could affect the general welfare and

13  safety of the people of the United States.  Defendants' actions as alleged above

14  rendered the working environment so intolerable as to cause Plaintiff to go on medical

15  leave and thereafter Defendant wrongfully terminated Plaintiff in retaliation of her

16  complaints about the way that Defendant VAXGEN was making new anthrax vaccines

17  to be used for the benefit of the general public.  Defendant also retaliated and

18  discriminated against Plaintiff by refusing to make a reasonable accommodation for

19  Plaintiff who requested a few more days of medical leave before returning back to work

20  which violated the California Family Rights Act, Government Code section 12495.2, et

21  seq., including but not limited to discrimination, retaliation and harassment based upon

22  denial of family care and medical leave and violation of the California Fair Employment

23  and Housing Act, Government Code section 12490 et seq. for discrimination, retaliation

24  and harassment based upon physical and mental disabilities and based upon exercise

25  of family care and medical leave.  Defendants' actions as alleged above rendered the

26  working environment intolerable and resulted in the termination of Plaintiff's position

27  from Defendant VAXGEN.

28

FIRST AMENDED COMPLAINT FOR DAMAGES                                    13

57. As a consequence of Defendants' actions, Plaintiff has suffered damages in an amount to be determined according to proof, and as described in Paragraph 27, above.

### SEVENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
### (Against All Defendants)

58. Plaintiff hereby realleges and incorporates by reference Paragraphs 1 through 27, inclusive, of the Complaint, as though set forth in full herein.

59. Defendants' conduct was so outrageous, malicious and oppressive, and was performed intentionally and with reckless disregard towards Plaintiff, and it caused severe emotional distress to Plaintiff. Defendant's conduct towards Plaintiff employee constituted a breach of duty to Plaintiff to provide a work environment free of harassment, retaliation and discrimination.

### EIGHTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)
### (Against All Defendants)

60. Plaintiff hereby realleges and incorporates by reference Paragraphs 1 through 27, inclusive, of the Complaint, as though set forth in full herein.

61. In the alternative to the Fifth Cause of Action, Defendants' conduct was negligent in causing severe emotional distress to Plaintiff. Defendant's conduct towards Plaintiff employee constituted a breach of duty to Plaintiff to provide a work environment free of harassment, retaliation and discrimination. As a direct and legal result of said negligent conduct by Defendant, Plaintiff sustained severe emotional distress, anxiety, shock and humiliation in addition to the other damages set forth herein above.

**WHEREFORE**, Plaintiff demands a trial by jury and prays for judgment against Defendants, and each of them as follows:

1.    For all compensatory and consequential damages against Defendant of at least $650,000.00 and in an amount to be determined according to proof at trial;

1      2.    For all damages proximately caused by the acts and omissions of

2  Defendant;

3      3.    For prejudgment interest on all amounts claimed;

4      4.    For all attorneys fees;

5      5.    For punitive damages to set an example and teach Defendant a lesson for

6  engaging in said malicious and intentional conduct, and

7      6.    For the costs of suit herein.

8      7.    For such other and further relief as this Court may deem just and proper.

9

10  Dated: May _16_, 2007                LAW OFFICES OF IRA LESHIN

11

12                                      By:_____

13                                      Ira Leshin
                                        Attorneys for Plaintiff,
14                                      Aria Razban

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT FOR DAMAGES                                      15

**EXHIBIT  B**

1 | Ira Leshin, State Bar No. 139768
LAW OFFICES OF IRA LESHIN
2 | 220 Sansome Street, Sixth Floor
San Francisco, CA 94104
3 | Tel: (415) 398-3950
Fax: (415) 398-1567
4 |
Attorney for Plaintiff
5 | Aria Razban
6 |
7 |
8 | UNITED STATES DISTRICT COURT
9 | NORTHERN DISTRICT OF CALIFORNIA
10 | SAN FRANCISCO DIVISION
11 |

12 | ARIA RAZBAN, an individual,                ) **CASE NO.:  C 07-03136 JL**
                                            )
13 |           Plaintiff,                      )
                                            )
14 |     vs.                                  ) **PLAINTIFF ARIA RAZBAN'S INITIAL
                                            ) DISCLOSURES PURSUANT TO**
15 |                                          ) **FEDERAL RULES OF CIVIL
                                            ) PROCEDURE 26(a)(1)**
16 | VAXGEN, INC. a Delaware Corporation.      )
LISA BROOKS, and DOES 1 through 50,         )
17 | inclusive.                                )
                                            )
18 |           Defendants.                    )
                                            )
19 |                                          )

20 |     Plaintiff Aria Razban provides the following disclosures pursuant to Federal Rule

21 | of Civil Procedure 26(a)(1) of the United States District Court for the Northern District of

22 | California.  The disclosures herein are based upon information presently known to the

23 | plaintiff, and she reserves her right to amend or supplement these disclosures pursuant

24 | to FRCP 26(e).

25 |     1.    List of Knowledgeable Individuals concerning plaintiff's employment, job

26 | duties, job performance, and circumstances surrounding her discharge from

27 | employment.  The following individuals are likely to have information that Plaintiff may

28 |

PLAINTIFF'S INITIAL DISCLOSURE PURSUANT TO FRCP 26(a)(1)                                    1

EXHIBIT " B "

1  use to support her allegations in this action.  By listing such individuals, Plaintiff makes
2  no representation that these individuals have such information.

3      (a)   Aria Razban
4      (b)   Lisa Brooks
5      (c)   Dino Wright
6      (d)   Karen Green
7      (e)   Erin Elliott
8      (f)   Mike Lock
9      (g)   Lance Gordon
10     (h)   Larry Brooks
11     (i)   Bojena Bitman
12     (j)   Setsuko Chiba
13     (k)   Linda Collins
14     (l)   Kevin Lee
15     (m)   Steven Vaziri
16     (n)   Vineeta Gulati
17     (o)   Lynne Deans
18     (p)   Aimee Luck
19     (q)   Michael Longhi
20     (r)   Joanna Van Elk
21     (s)   Jeanette Page
22     (t)   Steve Pomeroy
23     (u)   Valerie George
24     (v)   Robert Schilling
25     (w)   Marc Gurwith

26     The addresses for these people are unknown to plaintiff but it is believed that
27 defendant has this information in their possession or control.
28

PLAINTIFF'S INITIAL DISCLOSURE PURSUANT TO FRCP 26(a)(1)      2

| | | |
|---|---|---|
| 1 | 2. | **Relevant, privileged documents** |
| 2 | (a) | Plaintiff's personnel filed and employment records in defendant's |
| 3 | | possession. |
| 4 | (b) | Medical records from Plaintiff's treating physicians in the healthcare |
| 5 | | providers possession. |
| 6 | 3. | **Claimed Damages (exact amounts are unknown at this time)** |
| 7 | | (a)    Medical expenses |
| 8 | | (b)    Lost income (front pay and back pay) and earning capacity |
| 9 | | (c)    General damages for emotional distress |
| 10 | | (d)    Punitive damages |
| 11 | | (e)    Attorneys fees |
| 12 | | (f)    Prejudgment Interest |
| 13 | | (g)    Statutory penalties |
| 14 | | (h)    Stock Options |
| 15 | 4. | **Documents regarding allegations and damages** |
| 16 | | (a)    Medical records and bills (not yet in our possession) |
| 17 | | (b)    Payroll and employment records from defendant |
| 18 | | (c)    Plaintiff's personnel files held by defendant |
| 19 | | (d)    Multiple emails and other correspondence between plaintiff and |
| 20 | | defendant |

21    Subject to the Court's entry of a protective order, plaintiff will produce copies of

22    said documentation to defense counsel that Plaintiff may use to support her claims.

23    Dated: September 13, 2007                LAW OFFICES OF IRA LESHIN

24

25

26    By: _____
          Ira Leshin
27          Attorneys for Plaintiff,
          Aria Razban

28

PLAINTIFF'S INITIAL DISCLOSURE PURSUANT TO FRCP 26(a)(1)                3

1

## CERTIFICATE OF SERVICE

2      I declare that I am over the age of eighteen years and that I am not a party to the action

3   entitled Razban v. Vaxgen, Inc. et al. U.S. District Court, Northern District of California, San

4   Francisco Division, Case No. C 07-03136 JL.  My business address is LAW OFFICES OF IRA

5   LESHIN, 220 Sansome Street, Sixth Floor San Francisco, CA 94104.  On the date set forth

6   below, I served the following document(s) on the parties in this action:

7       **1.  PLAINTIFF ARIA RAZBAN'S INITIAL DISCLOSURES PURSUANT TO FEDERAL
           RULES OF CIVIL PROCEDURE 26(a)(1); AND**
8       **2.  THIS CERTIFICATE OF SERVICE**

9       Service of these documents was accomplished in the following manner:

10   ☑   **By First Class Mail:** I placed each document listed above in sealed  envelope(s),
         addressed to the recipient(s) set forth below, with pre-paid postage affixed thereto, and
11       deposited said envelope(s) in a recognized place of deposit for collection and delivery
         by first-class United States Mail.

12

13   ☑   **By Facsimile:** I caused each document to be transmitted to the recipient(s) set forth
         below at their respective facsimile numbers as indicated.

14   ☐   **By Personal Service:** I personally served each document listed above on the
         recipient(s) set forth below.

15

16   ☐   **By Courier/Messenger:** I placed each document listed above in a sealed envelope(s),
         addressed to the recipient(s) set forth below, and arranged personal delivery of the
17       same through a messenger/courier service, for delivery to be accomplished on this date.

18       Said document(s) were delivered to following recipients:

19   Gregory C. Tenhoff, Esq.
     COOLEY GODWARD KRONISH LLP
20   Five Palo Alto Square
     3000 El Camino Real
21   Palo Alto, CA 94306-2155

22   Fax: 650-849-7400

23

24

25       I declare under penalty of perjury that the foregoing is true and correct.  Executed
     September 13, 2007, at San Francisco, California.

26

27

28                                                      _____
                                                        Ira Leshin

     PROOF OF SERVICE

**EXHIBIT  C**

1          UNITED STATES DISTRICT COURT

2         NORTHERN DISTRICT OF CALIFORNIA

3                   - - -

4
                                    **CERTIFIED COPY**
5    ARIA RAZBAN,

6              Plaintiff,

7    vs.                      No.  C07-03136 JL

8    VAXGEN, INC., a California corporation,

9    LISA BROOKS, and DOES 1 through 50,

10   inclusive,

11             Defendants.

12   --------------------------/

13

14

15

16             DEPOSITION OF

17              ARIA RAZBAN

18         SAN FRANCISCO, CALIFORNIA

19           NOVEMBER 19, 2007

20

21

22   ATKINSON-BAKER, INC.

     COURT REPORTERS

23   (800) 288-3376

     www.depo.com

24

     REPORTED BY: DANUTA KRANTZ, CSR NO. 4782

25   FILE No.: A108449                    EXHIBIT " C "

1                    UNITED STATES DISTRICT COURT

2               NORTHERN DISTRICT OF CALIFORNIA

3                          - - -

4

5     ARIA RAZBAN,

6                    Plaintiff,

7     vs.                          No.  C07-03136 JL

8     VAXGEN, INC., a California corporation,

9     LISA BROOKS, and DOES 1 through 50,

10    inclusive,

11                   Defendants.

12    --------------------------/

13

14

15          Deposition of ARIA RAZBAN, taken on behalf of

16    Defendants, at Cooley, Godward, 101 California Street,

17    Fifth floor, San Francisco, California, commencing at

18    9:13, Monday, November 19, 2007, before Danuta Krantz,

19    CSR No. 4782.

20

21

22

23

24

25

```
1                    A P P E A R A N C E S
2
3   FOR THE PLAINTIFF:
4   LAW OFFICES OF IRA LESHIN
    220 Sansome Street
5   Sixth floor
    San Francisco, CA 94104
6   BY:  IRA LESHIN, ESQUIRE
7
8
    FOR THE DEFENDANTS:
9
    LAW OFFICES OF COOLEY, GODWARD
10  101 California Street
    Fifth floor
11  San Francisco, CA 94111
    BY:  GREGORY TENHOFF, ESQUIRE
12
    Videographer:  Lou Meadows
13
    Also Present:  Lisa Brooks, John Grijalva
14
15
16
17
18
19
20
21
22
23
24
25
```

3

```
 1                    CERTIFICATE OF REPORTER

 2          I, DANUTA KRANTZ, a Certified Shorthand

 3     Reporter, hereby certify that the witness in the

 4     foregoing deposition was by me duly sworn to tell

 5     the truth, the whole truth and nothing but the

 6     truth in the within-entitled cause;

 7          That said deposition was taken down in

 8     shorthand by me, a disinterested person, at the

 9     time and place therein stated, and that the

10     testimony of the said witness was thereafter

11     reduced to typewriting, by computer, under my

12     direction and supervision.

13          I further certify that I am not of counsel

14     or attorney for either or any of the parties to

15     the said deposition nor in any way interested in

16     the event of this cause and that I am not related

17     to any of the parties thereto.

18

19          DATED: _____5 DECEMBER____ 2007

20

21

22

23          _____

24          DANUTA KRANTZ, CSR 4782

25
```

| | | |
|---|---|---|
| 1 | mentioned to us that Dr. Young prescribed, were there | 10:35 |
| 2 | any other treatments that were prescribed for you | 10:35 |
| 3 | during that time frame from August of 2004 until | 10:35 |
| 4 | February 14th of 2005? | 10:35 |
| 5 | A.  By Dr. Young? | 10:36 |
| 6 | Q.  What is that? | 10:36 |
| 7 | A.  By Dr. Young? | 10:36 |
| 8 | Q.  By anyone else. | 10:36 |
| 9 | A.  I am sorry, I don't remember.  I may have | 10:36 |
| 10 | seen a dermatologist at that time through that period. | 10:36 |
| 11 | Q.  Anyone else? | 10:36 |
| 12 | A.  I don't recall. | 10:36 |
| 13 | Q.  All right.  During that time period, you | 10:36 |
| 14 | mentioned a number of symptoms, gaining weight rapidly, | 10:36 |
| 15 | couldn't sleep, throat swollen, anxiety attacks, heart | 10:36 |
| 16 | beating fast, asthma attacks, and other things. | 10:36 |
| 17 | How, if at all, did those affect your | 10:36 |
| 18 | ability to do your work for VaxGen? | 10:36 |
| 19 | A.  I thought I was doing a good job. | 10:36 |
| 20 | Q.  And my question was different than that, | 10:37 |
| 21 | though, which is, did any of these symptoms that you | 10:37 |
| 22 | have described in your mind affect your ability to do | 10:37 |
| 23 | your job at VaxGen? | 10:37 |
| 24 | A.  It was a tough time for me, but I did a | 10:37 |
| 25 | good job. | 10:38 |

1       Q.   So if I am understanding you correctly,          10:38

2   despite the symptoms and the tough time, you felt you      10:38

3   still could perform your job functions at VaxGen and       10:38

4   that you did so?                                           10:38

5       A.   Yes.                                              10:38

6       Q.   What effect did these symptoms have on any        10:38

7   of your other activities in your life?  And by that I      10:38

8   mean, the activities we all do in our daily work, our      10:38

9   daily lives, walking, seeing, breathing, caring for        10:38

10  yourself, performing manual tasks, all of those kinds      10:38

11  of things.                                                 10:38

12          How, if at all, did those symptoms affect          10:38

13  your ability to do those activities?                       10:38

14      A.   I was grieving, so I did not enjoy social         10:39

15  gatherings with a lot of people.                           10:39

16      Q.   Any other ways in which it affected the           10:39

17  other activities in your life?                             10:39

18      A.   I spent less time spending with my friends        10:39

19  going out.                                                 10:40

20      Q.   Any others?                                       10:40

21      A.   I am sure there were.  I just cannot              10:40

22  remember.  I think I became withdrawn.                     10:40

23      Q.   Any others?                                       10:40

24      A.   I can't remember at the moment.  I am sure        10:40

25  there were other things.                                   10:41

**EXHIBIT  D**

06-Dec-2007  03:43pm    From-Dept. of Psychiatry-Kaiser,San Francisco   4158334765        T-920   P.002/002   F-620

# The Permanente Medical Group, Inc.
### Psychiatry
4141 Geary Blvd
San Francisco, CA 94118-3109
Dept: 415-833-2292
Main: 415-833-2000

December 7, 2007

Dear Sirs:

    My patient Aria Razban has been unable to see her therapist because therapist is out sick until December 14. She has been retraumatized by the recent depositions. She also has a severe exacerbation of her asthma that has oflent led to pneumonia in past winters. I think depositions must be postponed until the new year of 2008.

Raymond Zablotny MD
Psychiatry

EXHIBIT " D "

**EXHIBIT E**



ATTORNEYS AT LAW

220 Sansome Street • Sixth Floor
San Francisco, CA 94104
tel: 415.398.3950
fax: 415.398.1567

## FACSIMILE TRANSMITTAL SHEET

### March 25, 2008

| To: | Gregory C. Tenhoff. |
|---|---|
| Attention: | COOLEY GODWARD KRONISH LLP |
| Fax No.: | 650-849-7400 |

| From: | Ira Leshin |
|---|---|
| No. of Pages: | 2  (Including Cover Sheet) |
| Re: | ARIA RAZBAN |

A hard copy of this document:

☐ will be sent by    ☐ U.S. Mail      ☐ messenger      ☐ Express delivery.
☑ will not be sent.

Message:  Please deliver this fax to MR. TENHOFF.  Thank you.

Hello Greg:

   Attached is a letter from Aria's doctor concerning her need for a continuance for the deposition and the ENE. Also, I have received your authorizations for the release of medical records, I will review them with Ms. Razban shortly and get back to you shortly.

If you do not receive all pages, please call our office at (415) 398-3950.

Notice to Recipient: The information contained in this Facsimile is confidential and may also be subject to attorney-client privilege.  The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible for the proper delivery of these documents, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this facsimile in error, please immediately notify our office by telephone and we will make whatever arrangements are necessary to retrieve the mistakenly sent documents.  Thank you for your cooperation.

EXHIBIT "*E*"

# The Permanente Medical Group, Inc.

PSYCHIATRY
4141 Geary Blvd
San Francisco, CA 94118-3109
Dept: 415-833-2292
Main: 415-833-2000

March 17, 2008

To whom it may concern:

Ms. Aria Razban has been retraumatized by recent events related to a lawsuit in which she is engaged. Her asthma is also severely exacerbated at this time, triggered by the retraumatization; her asthma has often led to pneumonia in the past. Please aim to delay further legal action in which Ms. Razban must be involved until May 2008.

Sincerely,

Raymond Zablotny, MD

**EXHIBIT  F**

1            UNITED STATES DISTRICT COURT

2            NORTHERN DISTRICT OF CALIFORNIA

3                      - - -

4

5    ARIA RAZBAN,

6                 Plaintiff,

7    vs.                        No.  C07-03136 JL

8    VAXGEN, INC., a California

9    corporation, LISA BROOKS, and

10   DOES 1 through 50, inclusive,

11                 Defendants.

12   --------------------------/

13

14              DEPOSITION OF

15              ARIA RAZBAN

16              VOLUME II

17         SAN FRANCISCO, CALIFORNIA

18           JANUARY 16, 2008

19

20                              CERTIFIED COPY

21   ATKINSON-BAKER, INC.

     COURT REPORTERS

22   (800) 288-3376

     www.depo.com

23

     REPORTED BY: DANUTA KRANTZ, CSR NO. 4782

24   FILE No.: A20007E

25                              EXHIBIT " F "

1              UNITED STATES DISTRICT COURT

            NORTHERN DISTRICT OF CALIFORNIA

2                      - - -

3    ARIA RAZBAN,

             Plaintiff,

4    vs.                      No.   C07-03136 JL

     VAXGEN, INC., a California

5    corporation, LISA BROOKS, and

     DOES 1 through 50,

6    inclusive,

             Defendants.

7    --------------------------/

8

9          Deposition of ARIA RAZBAN, taken on behalf of

10   Defendants, at Cooley, Godward, 101 California Street,

11   Fifth floor, San Francisco, California, commencing at

12   10:15, Wednesday, January 16, 2008, before Danuta

13   Krantz, CSR No. 4782.

14

15

16

17

18

19

20

21

22

23

24

25

```
 1              A P P E A R A N C E S
 2
 3   FOR THE PLAINTIFF:
 4   LAW OFFICES OF IRA LESHIN
     220 Sansome Street
 5   Sixth floor
     San Francisco, CA 94104
 6   BY:  IRA LESHIN, ESQUIRE
 7
 8
     FOR THE DEFENDANTS:
 9
     LAW OFFICES OF COOLEY, GODWARD
10   101 California Street
     Fifth floor
11   San Francisco, CA 94111
     BY:  GREGORY TENHOFF, ESQUIRE
12
     Videographer:  Lou Meadows
13
     Also Present:  Lisa Brooks, John Grijalva
14
15
16
17
18
19
20
21
22
23
24
25
```

CERTIFICATE OF REPORTER

I, DANUTA KRANTZ, a Certified Shorthand Reporter, hereby certify that the witness in the foregoing deposition was by me duly sworn to tell the truth, the whole truth and nothing but the truth in the within-entitled cause;

That said deposition was taken down in shorthand by me, a disinterested person, at the time and place therein stated, and that the testimony of the said witness was thereafter reduced to typewriting, by computer, under my direction and supervision.

I further certify that I am not of counsel or attorney for either or any of the parties to the said deposition nor in any way interested in the event of this cause and that I am not related to any of the parties thereto.

DATED: _January 16_____, 2008

_Danuta Krantz_____
DANUTA KRANTZ, CSR 4782

```
 1   from the company.                                      14:38

 2          I am asking you, as you sit here today, can     14:38

 3   you identify a specific e-mail to me in which you made 14:38

 4   such a complaint, that you were being harassed because 14:38

 5   of your disability?                                    14:38

 6          A.  I believe so.  I believe there are e-mails  14:38

 7   that I said that I am being harassed because I am sick. 14:38

 8          Q.  And if you had those e-mails, those have    14:38

 9   been produced in this litigation; is that right?       14:38

10          A.  I need to look at my documents.             14:38

11          Q.  Are there any documents that you have not   14:38

12   produced that would indicate that?                     14:38

13          A.  It's possible.                              14:38

14          Q.  If those documents exist and have not been  14:38

15   produced, are you willing to produce those?            14:38

16          A.  Of course.                                  14:39

17          Q.  Now, apart from documents, did you          14:39

18   communicate with anyone verbally at VaxGen and tell    14:39

19   them you thought you were being harassed because of    14:39

20   your disability?                                       14:39

21          MR. LESHIN:  Other than what she said about     14:39

22   Erin so far?                                           14:39

23          MR. TENHOFF:  Other than what she said          14:39

24   about Erin.                                            14:39

25          THE WITNESS:  Would you give me time to         14:39
```

```
1    think about that?  I need to think about that.          14:39

2              MR. TENHOFF:  Q.  Sitting here today, can     14:39

3    you recall anything?                                    14:39

4         A.  I am sure there were.  I just need to think    14:39

5    about it.                                               14:39

6         Q.  Sitting here today, can you recall any?        14:39

7         A.  I told Bojeana, because she noticed the        14:39

8    harassment.  I told David.  I know there were more      14:40

9    people.  I know I talked to Mike Lock.  I talked to so  14:40

10   many people in private hoping I could resolve this.  I  14:40

11   just need to think about it and look at e-mails.        14:40

12        Q.  Any other ones that you can identify           14:40

13   sitting here today?                                     14:40

14        A.  I remember talking to Steven and telling       14:40

15   him that, that I was being harassed.  And I was trying  14:41

16   to discourage him from coming to VaxGen, because I told 14:41

17   him it was a hostile environment.                       14:41

18        Q.  What was Steven's last name?                   14:41

19        A.  Vizarri.                                        14:41

20        Q.  At the time, he was not employed by the        14:41

21   company?                                                14:41

22        A.  No.                                            14:41

23        Q.  Anybody at the company other than what you     14:41

24   have identified?                                        14:41

25        A.  Actually, he was hired, but he had not         14:41
```

1   started yet.                                                14:42

2        Q.  Anyone else at the company other than what         14:42

3   you have identified?                                        14:42

4        A.  I remember once I was working out with             14:42

5   Jeannette Page.  And I was crying, and I was saying         14:42

6   that I am being harassed, and I am overwhelmed.  It was     14:42

7   too much for me to take with everything going on.           14:42

8        Q.  Did you believe that -- strike that.               14:42

9            Let's go back to Exhibit 28.  Can you get          14:42

10  that in front of you?                                       14:43

11       A.  But I believe there are more.  I have to           14:43

12  look at documents.                                          14:43

13       Q.  Take a look at Exhibit 28.  Look at the            14:43

14  chart on the second page on Exhibit 28.  You have got      14:43

15  it right in front of you there.  It's one you just had      14:43

16  open.  Take a look at the second page of Exhibit 28,        14:43

17  please.                                                     14:43

18       A.  Can we take a little break?  Is that okay?         14:43

19            MR. LESHIN:  Sure.  We have gone for              14:43

20  another hour.                                               14:43

21            Do you mind?                                      14:43

22            THE WITNESS:  I could get more coffee.            14:43

23            THE VIDEOGRAPHER:  Off the record.  The           14:43

24  time is 2:43 p.m.                                           14:43

25            (Short recess.)                                   14:43

**EXHIBIT  G**

1   LAW OFFICES OF IRA LESHIN
    IRA LESHIN (139768)
2   200 Sansome Street, 6th Floor
    San Francisco, CA 94104
3   Telephone:    (415) 398-3950
    Facsimile:    (415) 398-1567
4
    Attorney for Plaintiff
5   ARIA RAZBAN

6   COOLEY GODWARD KRONISH LLP
    GREGORY C. TENHOFF (154553)
7   LISA BARNETT SWEEN (191155)
    ELIZA HOARD (238276)
8   Five Palo Alto Square
    3000 El Camino Real
9   Palo Alto, CA 94306-2155
    Telephone:    (650) 843-5000
10  Facsimile:    (650) 849-7400

11  Attorneys for Defendants
    VAXGEN, INC. and LISA BROOKS
12

13              UNITED STATES DISTRICT COURT

14             NORTHERN DISTRICT OF CALIFORNIA

15                SAN FRANCISCO DIVISION

16  ARIA RAZBAN,                        No. C 07-03136 JL

17            Plaintiff,                 **STIPULATION TO EXTEND DISCOVERY
                                         CUTOFF; NONOPPOSITION TO
18       v.                              INDEPENDENT MENTAL EXAMINATION;
                                         AND PLAINTIFF'S AUTHORIZATION TO
19  VAXGEN, INC., a Delaware corporation, RELEASE MEDICAL RECORDS ;
    LISA BROOKS, and DOES 1 through 50,  [PROPOSED] ORDER**
20  inclusive,
                                         Complaint Filed:         January 19, 2007
21            Defendants.                First Am. Complt. Filed:  May 15, 2007
                                         First Am. Complt. Served:  June 1, 2007
22                                       Answer Filed/Served:     June 13, 2007

23

24  ///

25  ///

26  ///

27  ///

28  ///

EXHIBIT "G"                                                    1.

1    Pursuant to Rule 29 of the Federal Rules of Civil Procedure, Plaintiff Aria Razban and

2    Defendants VaxGen, Inc. and Lisa Brooks (collectively, "Defendants"), through their counsel of

3    record, hereby stipulate to extend the non-expert discovery deadline from April 1, 2008 to July 1,

4    2008.

5        Plaintiff further stipulates that: (1) She will not oppose any motion filed by Defendants

6    pursuant to Rule 35(a) of the Federal Rules of Civil Procedure; (2) She will execute valid

7    authorization forms permitting Kaiser (located at 2238 Geary Blvd., San Francisco, CA, 94115)

8    to release to Plaintiff's counsel medical records relating to the claims, injuries and/or illnesses at

9    issue in this action, and thereafter Plaintiff's counsel will promptly produce any of the above-

10   described documents to Defendants, with the exception of documents that are legitimately

11   withheld on grounds of lack of relevancy (which documents Plaintiff's counsel shall identify to

12   Defendants in writing, including the grounds for withholding any such documents); and (3)

13   Plaintiff will execute valid authorization forms permitting the medical providers and/or medical

14   facilities identified below to release to Defendants her medical records relating to the claims,

15   injuries and/or illnesses at issue in this action pursuant to subpoena:

16       • Dr. Raymond Zablotny, M.D., The Permanente Medical Group, Inc., Psychiatry,

17           4141 Geary Blvd., San Francisco, CA, 94118, 415-833-2292;

18       • Deacon McNeil, St. Dominic's Church, 2390 Bush St., San Francisco, CA, 94115;

19       • Ellan Brown, 1902 Webster #402, San Francisco, CA, 94115; and

20       • Dr. Clinton Young, 2100 Webster #423, San Francisco, CA, 94115.

21   IT IS SO STIPULATED:

22
     Dated:   March 12, 2008              LAW OFFICES OF IRA LESHIN
23
24                                        By: _____
                                                    Ira Leshin
25
                                          Attorney for Plaintiff ARIA RAZBAN
26
27
28

1

2    Dated:   March 12, 2008                 COOLEY GODWARD KRONISH LLP

3                                            By: _____
                                                     Lisa Barnett Sween
4
                                             Attorneys for Defendants
5                                            VAXGEN, INC. and LISA BROOKS

6            IT IS SO ORDERED:

7    Dated: _____ 3-20 _____, 2008    _____
                                             Honorable James Larson
8                                            United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    1077424 v2/SF

26

27

28